### City of Newton *vs.* John Joyce.

Middlesex.　December 10, 1895. — May 20, 1896.

Present: Field, C. J., Allen, Holmes, Knowlton, & Lathrop, JJ.

*Constitutionality of Statute relating to Stables in Cities.*

The provisions of St. 1891, c. 220, prohibiting the erection, occupation, or use of any building in any city for a stable for more than four horses, unless first licensed so to do by the board of health of the city, are an exercise of the police power of the Commonwealth, and are constitutional, although no provision is made for compensation and no right of appeal is given.

Bill in equity, filed in the Superior Court, June 6, 1895, under the St. of 1891, c. 220, § 4, to prevent the defendant, by injunction, from using and occupying certain premises in the city of Newton as a stable for the keeping of more than four horses therein. Trial before *Sherman,* J., who entered a decree in

accordance with the prayer of the bill; and the defendant appealed.

*S. L. Powers*, for the defendant.

*W. S. Slocum*, for the plaintiff.

LATHROP, J.    Section 1 of the St. of 1891, c. 220, is as follows: "No person shall hereafter erect, occupy, or use any building in any city for a stable for more than four horses unless first licensed so to do by the board of health of said city, and in such case only to the extent so licensed."

It is not contended that the case comes within § 3 of the act, which provides that "the foregoing provisions shall not be construed to prevent any such occupation and use authorized by law at the time of the passage of this act, to the extent authorized at that time," as it does not appear that the defendant was licensed under any former statute.  Pub. Sts. c. 102, § 39.  St. 1890, cc. 230, 395.  By § 4 of the statute a penalty is provided for the violation thereof, and any court having equity jurisdiction is authorized to restrain any erection, etc., contrary to the statute.

The defendant contends that the St. of 1891 is unconstitutional, because it deprives him of the use of his property without any provision for compensation, and because it gives no right of appeal from the decision of the board of health on the question of whether or not a license should be granted; but we have no doubt that the statute in question is constitutional.  It is an exercise of the police power of the Commonwealth, and not of the right of eminent domain, and such an exercise of the police power is constitutional, although no provision is made for compensation to the owner, and no right of appeal is given from the local authorities, to whom the Legislature has seen fit to intrust the determination of the question.  *Commonwealth* v. *Alger*, 7 Cush. 53, 85, 96.  *Commonwealth* v. *Colton*, 8 Gray, 488.  *Commonwealth* v. *Tewksbury*, 11 Met. 55, 57.  *Watertown* v. *Mayo*, 109 Mass. 315, 318.  *Bancroft* v. *Cambridge*, 126 Mass. 438, 441. *Commonwealth* v. *Bearse*, 132 Mass. 542.  *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, 530.  *Commonwealth* v. *Roberts*, 155 Mass. 281.  *White* v. *Kenney*, 157 Mass. 12.  *Foster* v. *Kansas*, 112 U. S. 201.  *Mugler* v. *Kansas*, 123 U. S. 623.

In *Langmaid* v. *Reed*, 159 Mass. 409, 411, it was said by

Chief Justice Field, speaking of the authority granted this court by the Pub. Sts. c. 102, § 39, to issue an injunction to prevent the erection, occupancy, or use of a building as a stable for more than four horses : " This authority is independent of its power as a court of equity to restrain actual nuisances. A stable used for more than four horses may or may not be a nuisance, but whether it is or not, it is competent for the Legislature to say that it shall not be kept except in such places as the mayor and aldermen of a city or the selectmen of towns may permit, and to confer upon a court authority to enforce this prohibition by injunction, because stables in their nature are often offensive to the community, and the use of them may be regulated by the Legislature."                                *Decree affirmed.*