### CITY OF CAMBRIDGE *vs.* FRANK W. TRELEGAN.

Middlesex.    March 13, 1902. — June 17, 1902. ·

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Board of Health.    License.    Municipal Corporations.*

St. 1894, c. 491, § 18, providing for the granting of licenses to slaughter houses by the mayor and aldermen of cities and the selectmen of towns, or such other board of officers as they shall designate, does not take away the power of the board of health of a city under Pub. Sts. c. 80, § 84, to forbid the carrying on of a slaughter house as dangerous to the public health, and the maintenance of a slaughter house so licensed may be prohibited by that board. This power is in no way affected by St. 1897, c. 428, § 2, providing that in towns having a population of more than five thousand, the board of health instead of the selectmen shall have charge of licensing slaughter houses.

HOLMES, C. J. This is a bill in equity to restrain the defendant from carrying on the business of slaughtering calves at num-

ber 20 Clay Street in Cambridge. The defendant has a license from the board of aldermen under St. 1894, c. 491, § 18, as amended by St. 1895, c. 496, § 4, and the only question raised or argued is whether this license is good as against a prohibition by the board of health of the city under Pub. Sts. c. 80, § 84.

The act of 1894 did not have in mind all the objects which are to be considered by a board of health. It was intended to stop the spread of contagion and the sale of diseased meats, but the welfare of the neighborhood of a slaughter house in other respects hardly seems to have been within its scope. This is a board of health's ordinary business, and a mere fact that a license from the mayor and aldermen or selectmen was required by the act of 1894 to carry out its purposes is not enough to put an end to the power of boards of health to secure the public health in other respects. The requirement of the license in St. 1894, c. 491, is consistent with their power to forbid the continuance of a slaughter house in a certain place. The court does not regard the difficulty as increased by St. 1897, c. 428, § 2, now taken up into R. L. c. 75, § 99. That statute substitutes a license from the board of health for a license from the selectmen in towns of more than five thousand inhabitants, but leaves the effect of such a license as it stood under St. 1894.

From its origin the policy of requiring the license mentioned has been shown not to be exclusive of the exercise of their usual powers by boards of health by the express grant of power to the State board of health to prohibit carrying on the business of slaughtering in a building or premises occupied for that purpose. St. 1871, c. 167, § 2. · St. 1874, c. 308. Pub. Sts. c. 80, § 93. R. L. c. 75, § 109. The court is of opinion that this grant of power is not exclusive and that it would be unwarranted and anomalous to hold the license good against the local board acting under Pub. Sts. c. 80, § 84, R. L. c. 75, § 91, when it would be no answer to the State board acting under what is now another section of the same chapter of the Revised Laws. See *Sawyer* v. *State Board of Health*, 125 Mass. 182, 191, 192; *Stone* v. *Heath*, 179 Mass. 385.

*Decree for plaintiff.*

*W. R. Peabody & G. A. A. Pevey*, for the plaintiff.
*F. Hunt*, for the defendant.