BOARD OF HEALTH OF THE CITY OF WORCESTER *vs.* GEORGE L. TUPPER.

Worcester. November 21, 1911. — January 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Equity Pleading and Practice,* Interlocutory decree, Exceptions to rulings of judge, Parties, Amendment. *Equity Jurisdiction,* To restrain maintenance of stable without license. *Stable. Board of Health,* Municipal. *Municipal Corporations. Superior Court.*

An appeal from an interlocutory decree overruling a demurrer to a bill in equity cannot be brought before this court by a bill of exceptions, alleging exceptions to the rulings of the trial judge, who, after the overruling of the demurrer, heard the case on the issues raised by the answer.

Under R. L. c. 102, § 71, a suit in equity may be maintained in the Superior Court to restrain the erection, occupation or use of a building for a stable without

a license from the board of health in a city whose population exceeds twenty-five thousand, where there is a reasonable certainty that the building in question is to be occupied and used as a stable unlawfully, although no actual injury to the public has been inflicted at the time the bill is filed.

In a suit in equity in the Superior Court under R. L. c. 102, § 71, to restrain the erection, occupation or use of a building for a stable without a license from the board of health in a city whose population exceeds twenty-five thousand, where it appears that the defendant has erected a building which he intends to occupy and use as a stable for horses, it is no defense to show that the board of health acted arbitrarily and unjustly in refusing the defendant a license, nor is it material for the defendant to show the excellent sanitary condition of the building or its complete plumbing and appointments and its mode of construction, nor to show that stables of other persons in more densely populated sections of the city have been licensed.

Where, at the trial of a suit in equity, evidence which was incompetent for the purpose for which it was offered was excluded by the trial judge on that ground, an exception to such exclusion cannot be sustained on the ground that the evidence was admissible for the purpose of impeaching the testimony of the principal witness on the other side by showing bias or prejudice on his part, if it was not offered for that purpose.

A suit in equity in the Superior Court under R. L. c. 102, § 71, to restrain the erection, occupation or use of a building for a stable without a license from the board of health in a city whose population exceeds twenty-five thousand, must be brought by the city itself and not by the members of its board of health.

BILL IN EQUITY, filed in the Superior Court on March 9, 1908, amended by the filing of a substituted bill on February 25, 1909, and further amended on October 18, 1909, by the members of the board of health of the city of Worcester under R. L. c. 102, § 71, to restrain the defendant from completing the erection of a building designed to be used as a stable on the defendant's land on Shirley Street in Worcester, from plumbing such building for stable purposes and from using and occupying it as a stable without a license for such plumbing and occupation granted by the plaintiffs under R. L. c. 102, § 69.

A demurrer to the substituted bill was overruled by *Sanderson*, J., and the defendant appealed from the order overruling the demurrer.

On the issues raised by the defendant's answer the case was heard by the same judge. The material facts and the questions raised at the trial by the exclusion of certain evidence are stated in the opinion. At the close of the evidence the defendant asked for the following instructions:

"1. On all the evidence the plaintiffs cannot maintain their bill.

" 2. That there is no evidence that R. L. c. 102, § 69, has. been violated.

" 3. That the bringing of the bill was premature.

" 4. Complete and adequate remedy is provided by statute to the board of health for the abatement of a nuisance immediately upon the violation of § 69, so far as it pertains to the occupancy of buildings for the stabling of horses."

The judge refused to make any of these rulings and made the following memorandum of decision:

" The court finds that the defendant is the owner of a building which he has fitted up as a stable to accommodate ten horses; that he has applied to the board of health three times for a license to occupy and use said building for a stable for horses and that the license has in each case been refused; that notwithstanding said refusal he has repeatedly said in substance and effect to one member of the board of health that he would occupy the stable without a license, and that he continued to make such statements up to the time of the bringing of the bill in equity asking that he be enjoined from occupying said building as a stable; that the defendant meant by said statements that he intended to occupy said building for a stable for horses without a license."

At the request of the defendant the judge made an additional finding of fact as follows: " The member of the board of health to whom the defendant made the statements referred to in said memorandum is James C. Coffey."

The judge made a decree for the plaintiffs ordering that an injunction should issue; and the defendant alleged exceptions to the refusal of the rulings requested by him and to the exclusion of the evidence referred to above and described in the opinion.

The case was submitted on briefs.

*C. E. Tupper,* for the defendant.

*E. H. Vaughan & C. S. Anderson,* for the plaintiff.

BRALEY, J.    The appeal from the interlocutory order overruling the demurrer is not before us, as no final decree has been entered. *Forbes* v. *Tuckerman,* 115 Mass. 115, 118, 119.   *Fuller* v. *Chapin,* 165 Mass. 1, 3.   But as the exceptions cover in scope the question whether proof of the allegations of the bill as amended makes out a case for equitable relief, as well as the

question whether the evidence warranted the decree ordered, the defendant to this extent has all the advantage which he could have derived from the appeal. *Ontario Bank* v. *Root*, 3 Paige, 478. *Small* v. *Boudinot*, 1 Stockton, 381. *Thompson* v. *Thompson*, 1 Yerg. 97.

The bill does not go upon the general equity jurisdiction of the court, to restrain the unlawful use of a building which creates a nuisance made punishable as a statutory, or common law misdemeanor. *Vegelahn* v. *Guntner*, 167 Mass. 92. If it were so brought, the defendant's building not having as yet been used for an offensive purpose, there would have to be adequate proof, that unless relief were given the threatened act sought to be enjoined would be so substantial in character that the public health might suffer before effectual steps could be taken to stop its continuance or to punish the wrongdoer. *Attorney General* v. *Metropolitan Railroad*, 125 Mass. 515, 516. *Beck* v. *Railway Teamsters Protective Union*, 118 Mich. 497. *Hamilton-Brown Shoe Co.* v. *Saxey*, 131 Mo. 212. *In re Debs, petitioner*, 158 U. S. 564. See 2 Dan. Ch. Pl. & Pr. (6th Am. ed.) 1620, note a. But the provisions of the R. L. c. 102, § 69, which have been held to be constitutional, make it unlawful for any person to "erect, occupy or use for a stable any building in a city whose population exceeds twenty-five thousand unless such use is licensed by the board of health of said city, and, in such case, only to the extent so licensed." *Newton* v. *Joyce*, 166 Mass. 83. And by § 71, under which the bill is brought, a violation of these provisions is made a penal offense, while jurisdiction in equity is conferred upon the Superior Court "to restrain such erection, occupation or use." The statute was designed to protect the health and comfort of the community, and should receive a construction which the plain meaning of the words imports. If there is reasonable certainty that a building is to be unlawfully occupied and used for the stabling of horses, the public authorities need not delay action until the purpose of the owner or those in control has been accomplished, but may under § 71 prevent the attempted creation of a statutory nuisance, even if no actual injury to the public has been inflicted. *Langmaid* v. *Reed*, 159 Mass. 409, 411.

The evidence justified the finding of the judge, that it was the

defendant's intention to occupy and use as a stable for horses the building which he had erected, and whether the board of health acted arbitrarily and unjustly in refusing him a license cannot be reviewed in these proceedings. *White* v. *Kenney*, 157 Mass. 12. *Lowell* v. *Archambault*, 189 Mass. 70.

Nor was evidence of the excellent sanitary conditions of the building, or of its complete plumbing and appointments, and mode of construction, or that stables of other persons located in more densely populated sections of the city had been licensed admissible. The statute makes no distinction of this nature, and, if the board in the instances to which he referred had exhibited partiality or want of sound judgment, the defendant was answerable only for his failure to comply with the law, to which their alleged delinquencies were no defense.

The testimony for the plaintiffs, however, upon which the decision of the judge rests, was given by the plaintiff, James G. Coffey. It is true, that while any statements by this plaintiff either individually or as a member of the board exhibiting bias or prejudice against the defendant would be collateral to the question of the defendant's intention to violate the statute, yet they would have been admissible to affect his credibility as a witness, and the weight to be given to his testimony. *Day* v. *Stickney*, 14 Allen, 255. But the exception to the exclusion of the question asked of the defendant in direct examination, whether he had not been informed by Coffey that a license would not be granted because he had published articles in the newspapers reflecting upon the refusal of the board to grant a license, was put upon the ground that the offer was to show unjust discrimination. The evidence subsequently offered, that this witness had said to the defendant that he would not grant a license under any circumstances because of his antipathy to and dislike for him and because of his conduct in publishing statements in the newspapers, apparently was excluded for the same reason. No exception, however, was taken to the exclusion, and the question which the defendant endeavors to raise is not before us.

The first, second, third and fourth requests for rulings present no questions which are not disposed of by what we have said, except that under the first request the inquiry remains, whether the plaintiffs have established their right to institute and prosecute

the suit. It is, of course, clear that under § 71 a criminal prosecution could be instituted only in the name of the Commonwealth, or if an information in equity had been presented it must have been in the name of the Attorney General. *Attorney General* v. *Metropolitan Railroad,* 125 Mass. 515. The plaintiffs are described and they prosecute as a board of health, but their powers and duties are defined by statute. R. L. c. 75, §§ 9–15, 65–90. *Belmont* v. *New England Brick Co.* 190 Mass. 442. The authority to preserve the health of the inhabitants is lodged in the municipality, and the members of the board are officers of the city. *Salem* v. *Eastern Railroad,* 98 Mass. 431, 442. It is for this reason that suits to enforce the orders of a board of health for the removal, suppression, and abatement of a nuisance, or for its prevention have uniformly been brought in the name of the city or town, since the decision in *Winthrop* v. *Farrar,* 11 Allen, 398. *Watertown* v. *Mayo,* 109 Mass. 315. *Taunton* v. *Taylor,* 116 Mass. 254. *Quincy* v. *Kennard,* 151 Mass. 563. *Newton* v. *Joyce,* 166 Mass. 83. *Brookline* v. *Hatch,* 167 Mass. 380. *Cambridge* v. *Trelegan,* 181 Mass. 565. *Lowell* v. *Archambault,* 189 Mass. 70. *Belmont* v. *New England Brick Co.* 190 Mass. 442. The bill in effect, however, is in behalf of the city of Worcester, and it may be amended to make the city in form the plaintiff. If this is done, the order will be, exceptions overruled, otherwise they must be sustained. *Fay* v. *Walsh,* 190 Mass. 374, 377, 378.

*So ordered.*