INHABITANTS OF CANTON vs. WESTBOURNE CEMETERY CORPORATION & others.

Norfolk.   November 17, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Cemetery.   Equity Jurisdiction,* To enjoin unlawful maintenance of cemetery.

The permission of a town, which, by G. L. c. 114, § 34, must be given before land can be used for a new cemetery or extension of an old one, is a permission which must result from a vote of the inhabitants of the town in town meeting legally assembled; and permission given by the board of selectmen for that purpose without authority of a vote of the town is without effect.

A town may maintain a bill in equity to restrain the use of land within its boundaries for burial or cemetery purposes in violation of G. L. c. 114, § 34.

BILL IN EQUITY, filed in the Superior Court on January 30, 1920, for an injunction restraining the defendants from using a certain described parcel of real estate in Canton for burial or cemetery purposes.

In the Superior Court, the suit was heard by *Wait*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence.   Material evidence is described in the opinion.   The judge ruled "that the grant of permission by the selectmen is not the permission by the town contemplated by the statutes; and that there has been no 'permission of the town.'   No regulations under R. L. c. 78, § 31, have been made by the board of health, and there is no remedy under said section for burials in the premises."

By order of the judge, a final decree was entered granting the injunction sought.   The defendants appealed.

G. L. c. 114, § 34, reads as follows:

"Except in the case of the erection or use of a tomb on private land for the exclusive use of the family of the owner, no land, other than that already so used or appropriated, shall be used for burial, unless by permission of the town or

of the mayor and aldermen of the city in which the same lies; but no such permission shall be given until the location of the lands intended for such use has .been approved in writing by the board of health of the town where the lands are situated after notice to all persons interested and a hearing; and the board of health, upon approval of the use of any lands either for new cemeteries or for the extension of existing cemeteries, shall include in the records of the said board a description of such lands sufficient for their identification. For every interment in violation of this section in a town in which the notice prescribed in section thirty-seven has been given, the owner of the land so used shall forfeit not less than twenty nor more than one hundred dollars.''

The case was submitted on briefs.

*J. F. Creed & J. J. Mansfield,* for the defendants.

*F. G. Katzmann, J. P. Vahey, & R. Clapp,* for the plaintiff.

PIERCE, J.   This is a suit in equity to restrain the defendants from using a described tract of land, situated in the town of Canton, for burial or cemetery purposes in violation of G. L. c. 114, § 34.   It comes before this court on an appeal from a final decree of a judge of the Superior Court, enjoining the defendants and those claiming under them from using, maintaining or laying out the land described in the decree ''for the purpose of burial or other cemetery purposes.'' No question is raised as to the form of the decree.

Succinctly stated the facts material to the decision are that one Ross, in October, November and December, 1919, conveyed to the defendant Westbourne Cemetery Corporation the tract of land described in the bill of complaint.   This defendant acquired the title to the land with the intent to establish a Jewish cemetery and, for profit to the corporation, to sell therein lots to Jewish societies and individuals. In furtherance of its purpose, in October and November, 1919, it sold portions of said land to the remaining defendants, and deeds therefor were duly executed.   With the permit of the board of health of the town of Canton, two interments were made in November and December, 1919, by the defendants Trainor and Lemkin.   An application to the board of health for approval of the location of the cemetery was

duly published by the direction of the board of health three weeks in a newspaper published in the town of Canton. A public hearing was had on the petition on October 14, 1919, the application was granted on October 15, 1919, and notice of such given the petitioners. No appeal from the action of the board of health was taken by any person under the right reserved by G. L. c. 114, § 36. Without any public hearing, on October 25, 1919, the selectmen of the town of Canton voted to grant a permit to the defendant corporation to use the land in question for cemetery purposes. Thereafter the corporation expended money in improvements of the tract of land for cemetery uses and sold lots to various societies, who are defendants in this suit. In pursuance of an article in a warrant issued on December 15, 1919, the town in town meeting on January 5, 1920, voted to appoint and did appoint a committee to begin proceedings to prevent the corporation from using the land, which it had then acquired, as a cemetery. This bill in equity was brought within twenty-five days of the appointment of the committee.

An examination of St. 1855, c. 257; Gen. Sts. c. 28, §§ 5, 11; Pub. Sts. c. 82, §§ 18, 21; R. L. c. 78, § 30, St. 1908, c. 379, § 1, makes plain that the permission of the town which must be given before land can be used for a new cemetery or extension of an old one is a permission which must result from a vote of the inhabitants of the town in town meeting legally assembled. In the case at bar no statute and no vote of the town gave the selectmen any right to act in behalf of the town. *Woodlawn Cemetery* v. *Everett,* 118 Mass. 354. *Bean* v. *Hyde Park,* 143 Mass. 245.

The serious question is whether a bill in equity at the instance of the town will lie to enjoin the use of land for cemetery purposes, when permission of the town has not been obtained for such use in accordance with the provision of G. L. c. 114, § 34, or whether the sole redress is by indictment after the offence is complete. *Attorney General* v. *Metropolitan Railroad,* 125 Mass. 515. *Kenney* v. *Consumers' Gas Co.* 142 Mass. 417, 420. *Cambridge* v. *John C. Dow Co.* 185 Mass. 448, 451. *Thayer* v. *Kitchen,* 200 Mass. 382, 386. *O'Keefe* v. *Sheehan,* 235 Mass. 390, 398.

St. 1855, c. 257, provided a penalty for interments in violation of the statute, to be recovered by indictment for the use of the town, and nothing is said as to any other judicial remedy. The provision as to the use of the penalty disappeared in the revision of the laws in 1860 (see Gen. Sts. c. 28, §§ 5, 11). The provision as to the penalty has otherwise perdured until reënacted in G. L. c. 114, § 34. The public health, comfort and welfare are the sanction giving validity to legislative acts which restrain citizens in the full use and enjoyment of their property. *Woodlawn Cemetery* v. *Everett, supra.* The act of 1855, c. 257, and the acts which continue it, even to G. L. c. 114, § 34, have for their end the same purpose as the zoning acts and acts which are specifically directed to the preservation of the public health. We think a town in the circumstances herein disclosed has a property interest in the enforcement of the provisions of G. L. c. 114, § 34, which a court can safeguard by injunction in the exercise of the general equity jurisdiction of the court.

See *Worcester Board of Health* v. *Tupper*, 210 Mass. 378.

*Decree affirmed with costs.*