CHARLES W. RYDER & another *vs.* BOARD OF HEALTH OF
THE TOWN OF LEXINGTON & others.

Middlesex.   October 8, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Nuisance. Piggery. Health, Board of. Evidence,* Competency. *Practice, Civil,* Exceptions.

At the trial by jury of an appeal under G. L. c. 111, § 147, from an order
by the board of health of a town prohibiting the keeping of swine in
a piggery on premises of the petitioner, the judge, subject to an ex-
ception by the petitioner, admitted *de bene* the rules and regulations
of the board of health, which prohibited the keeping of more than two
swine in the town without first obtaining a permit so to do from the
board of health and in all respects complying with its conditions,
seven in number, and denied a motion by the petitioner, presented at
the close of the evidence, that such evidence be struck out.   Later
the petitioner testified in reply to questions by his own counsel that
he knew when the regulations had been adopted; that the piggery
at all times had been conducted in such a way as to comply with them
with two exceptions, and he stated in detail what those exceptions
were and his reason or excuse for such violations of the rules.   *Held,*
that, by reason of such voluntary testimony by the petitioner, he
could not successfully contend that there was error in the ruling later
made denying the motion to strike out the evidence, and his excep-
tion was overruled.

There was no error in admitting in evidence, at the trial of the action
above described, the fact that the petitioner had no permit to operate
the piggery in the year when the order of the board was issued and in
the previous year; it was admissible to meet the petitioner's evidence
to the effect that the piggery at all times had been so conducted as
to comply with these rules and regulations.

At the trial above described, the jury took a view and heard evidence
relating to the situation of the premises, the population of the town
and residences in the neighborhood, to uncovered piles of refuse and
garbage on the premises, to offensive odors which could have been
found to come therefrom to the annoyance of those living in the neigh-
borhood, requiring them at times to keep the windows of their houses
closed and to give up the use of their piazzas, and to the annoyance
at these homes from large numbers of flies such as were seen on gar-
bage piles in the piggery.   *Held,* that the evidence amply justified the
jury in finding that a nuisance was maintained upon the premises by
reason of noisome and injurious odors which interfered with the com-
fort of others in the occupation of their homes and property; and in
affirming the order of the board of health.

PETITION, filed in the Superior Court on May 8, 1929, by Charles W. Ryder and Ryders Stock Farm, Inc., under G. L. c. 111, § 147, for a trial by jury of an appeal from an order by the board of health of the town of Lexington, issued on April 30, 1929, and described in the opinion.

The petition was tried before *Thayer,* J. Material evidence and rulings by the trial judge are described in the opinion. The judge submitted to the jury the following question: "Do the jury affirm the order of prohibition against the petitioners, issued on April 30, 1929?" The jury answered, "Yes." The petitioners alleged exceptions.

*R. B. Owen,* for the petitioners.

*S. R. Wrightington,* for the respondents.

SANDERSON, J. The petitioners appealed for a jury trial, from an order of the board of health of Lexington purporting to act under G. L. c. 111, § 143, and "every other power them thereto enabling," prohibiting the exercise of the trade or employment of keeping swine on premises of the plaintiffs on Waltham Street, Lexington. The jury by their verdict affirmed the order of the board of health. The exceptions relate to the admission of evidence and refusal to give certain requests for rulings.

G. L. c. 111, § 31, as amended by St. 1924, c. 180, gives boards of health authority to make reasonable health regulations. By § 122 it is required to examine into all nuisances, sources of filth and causes of sickness within the town, which may in its opinion be injurious to the public health, and to destroy, remove or prevent the same as the case may require, and to make regulations for the public health and safety relative thereto. By § 143 the board is authorized to assign places for the exercise of any trade or employment which is a nuisance or hurtful to the inhabitants, injurious to their estates, dangerous to the public health or is attended by noisome and injurious odors, and it is authorized to prohibit the exercise thereof within the limits of the town or in places not so assigned. Section 147 gives a party aggrieved by an order made under § 143 the right to file a petition for a jury in the Superior Court and to have a trial of the same;

by § 149 it is provided that the verdict may " alter, affirm or annul the order," and shall be returned to the court for acceptance, and if accepted it shall have the " authority and effect of a valid order of the board, and may also be enforced by the court in equity."

Subject to the petitioners' exception the judge admitted *de bene* the rules and regulations of the board of health of the town of Lexington in force since 1924. They prohibited the keeping of more than two swine in the town without first obtaining a permit so to do from the board of health and in all respects complying with its conditions. The conditions of such permits were seven in number and related among other things to the cleanliness of the pens, buildings, yards and feeding places, to the treatment and location of compost heaps, to the manner in which garbage should be kept and one of them prohibited the keeping of swine in boggy, swampy or wet land. At the conclusion of all the evidence the petitioners moved to strike out this evidence admitted *de bene* and saved an exception to the refusal of the judge to allow the motion. The judge admitted *de bene* the fact that the petitioners had received no permit to operate their piggery in the years 1928 and 1929.

After the rules and regulations had been admitted *de bene* and before the final ruling on their admissibility, the treasurer of the petitioner corporation in reply to questions by his own counsel testified that he knew when the regulations had been adopted; that the piggery had at all times been conducted in such a way as to comply with them with two exceptions, and he stated in detail what those exceptions were and his reason or excuse for these violations of the rules. The petitioners, having thus voluntarily introduced into the case the evidence that there had been two violations of the rules in carrying on the business and also having testified that in all other respects the rules and regulations had been complied with, cannot successfully contend that there was error in the ruling later made denying their motion to strike out the evidence. *Noyes* v. *Gagnon,* 225 Mass. 580, 587, 588. There is no

reason for deciding whether the evidence was competent on other grounds. It does not appear that a motion was made to strike out the evidence admitted *de bene* relating to the piggery's being operated without a permit, but, if it be assumed that the question is open, we cannot say that there was error of law in admitting the testimony to meet the petitioners' evidence to the effect that the piggery had at all times been so conducted as to comply with these rules and regulations.

In *Commonwealth* v. *Perry,* 139 Mass. 198, 201, the court said: " A piggery in which swine are kept in such numbers that their natural odors fill the air thereabouts, and make the occupation of the neighboring houses and passage over the adjacent highways disagreeable, or worse, is a nuisance." See *Fay* v. *Whitman,* 100 Mass. 76; *Commonwealth* v. *Sweeney,* 131 Mass. 579. In *Eames* v. *New England Worsted Co.* 11 Met. 570, 572, the court in an opinion by Shaw, C.J. said: " In order to amount to a nuisance, it is not necessary that the corruption of the atmosphere should be such as to be dangerous to health; it is sufficient that the effluvia are offensive to the senses, and render habitations uncomfortable." The treasurer of the plaintiff corporation testified that the land connected with the piggery comprised one hundred acres and the maximum number of pigs kept on the premises was fifteen hundred. The jury took a view and also heard testimony relating to the situation of the premises, the population of the town and residences in the neighborhood. Testimony was introduced relating to uncovered piles of refuse and garbage on the premises, to offensive odors which could have been found to come therefrom to the annoyance of those living in the neighborhood requiring them at times to keep the windows of their houses closed and to give up the use of their piazzas, to the annoyance at these homes from large numbers of flies such as were seen on garbage piles in the piggery. This and other evidence, which need not be repeated, would justify the jury in finding that the plaintiffs were maintaining a nuisance upon their premises.

The requests for rulings related to the different conditions which would justify a board of health in acting under G. L. c. 111, § 143, and each asked for a ruling upon the whole evidence. The petitioners were not entitled to rulings with reference to selected facts. *Mahoney v. Boston Elevated Railway*, 271 Mass. 274, 277. The evidence amply justified the jury in finding that a nuisance was maintained upon the premises by reason of noisome and injurious odors which interfered with the comfort of others in the occupation of their homes and property, and all rulings requested were rightly denied. Exceptions not argued are treated as waived. Upon the record the board was not acting in excess of its powers in making the order of prohibition, and no reversible error appears in the conduct of the trial before the jury.

*Exceptions overruled.*