CITY OF REVERE *vs.* MAX RICEMAN & another.

Suffolk.    May 10, 1932. — June 30, 1932.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Board of Health. License. Municipal Corporations,* Officers and agents.

The board of health of a city, after voting to revoke a "license" previously given to keep, slaughter and sell fowl on certain premises in the city, approved plans and specifications for a new building proposed to be erected on those premises for a slaughter house, reconsidered its previous vote and voted to allow the proprietor of the slaughtering business to continue it on those premises. A month later, after the construction work on the premises had been begun, but before it had been completed, the board of health, under G. L. c. 111, § 143, voted to prohibit the slaughtering business on the premises. The proprietor of the business and the owner of the building filed an appeal under G. L. c. 111, § 147, which subsequently was dismissed "without prejudice." The proprietor continued to do a slaughtering business on the premises. In a suit in equity thereafter commenced by the city against the proprietor and the owner, it did not appear by what officials or under what authority the original "license" had been granted. The trial judge stated that he inferred that such original "license" was an assignment made under said § 143; and found that a noisome business was being carried on in the new building by the proprietor with the permission of the owner, without the sanction of any municipal authority and contrary to the order of prohibition; and a decree was entered enjoining the proprietor from using, and the owner from permitting the use of, the premises for slaughtering fowl. *Held*, that

(1) The trial judge properly inferred that the original "license" was an assignment under G. L. c. 111, § 143;

(2) The vote of the board of health to reconsider and to permit the defendant proprietor to continue his business on the premises in question was in effect a new assignment under said § 143;

(3) It was proper to rule that the board of health could not bind itself irrevocably by a promise that the new building on completion would be assigned under said § 143 as a place for the exercise of the business;

(4) The board of health had the power under said § 143 to prohibit the exercise of the business as a noisome trade;

(5) The order of prohibition violated no constitutional right of the defendant proprietor;

(6) The decree was proper.

BILL IN EQUITY, filed in the Superior Court on September 1, 1931, and afterwards amended, described in the opinion.

The suit was heard by *Fosdick*, J., upon an agreed statement of facts. Material facts, rulings by the judge and a final decree entered by his order are described in the opinion. The judge in his "decision" stated the following, in part: "The agreed facts do not state what body originally issued in 1910 the writing variously referred to in the agreed facts as a 'license' and 'permit,' and it is probably immaterial because the order of prohibition of August 6, 1931, was obviously made under G. L. c. 111, § 143. Such an order would operate notwithstanding the existence of a license, by whatever authority given . . . I infer that the 1910 'license' or 'permit' was an assignment originally made and revocable under § 143 and its predecessors."

The defendants appealed.

G. L. c. 111, § 143, reads as follows:

"Boards of health may from time to time assign certain places for the exercise of any trade or employment which is a nuisance or hurtful to the inhabitants, injurious to their estates, dangerous to the public health, or is attended by noisome and injurious odors, and may prohibit the exercise thereof within the limits of the town or in places not so assigned. Such assignments shall be entered in the records of the town, and may be revoked when the board shall think proper."

G. L. c. 111, § 151, reads as follows:

"No person shall occupy or use a building for carrying on the business of slaughtering cattle, sheep or other animals, or for a melting or rendering establishment, or for

other noxious or offensive trade and occupation, or permit or allow said trade or occupation to be carried on upon premises owned or occupied by him, without first obtaining the written consent and permission of the mayor and city council, or of the selectmen, or, in any town having a population of more than five thousand, of the board of health, if any, of the town where the building or premises are situated. This section shall not apply to any building or premises occupied or used for said trade or occupation on May eighth, eighteen hundred and seventy-one; but no person who used or occupied any building or premises on said date for said trades or occupations shall enlarge or extend the same without first obtaining the written consent and permission of the mayor and city council or the selectmen, or, in any town having a population of more than five thousand, of the board of health, if any."

The case was submitted on briefs.

*H. C. Mamber,* for the defendants.

*W. P. Murray,* for the plaintiff.

PIERCE, J. This is a bill in equity wherein the plaintiff seeks to enjoin the defendants from maintaining a slaughter house at 295 Revere Street, Revere, or from carrying on the trade or business of keeping, slaughtering and selling of fowl until the further order of the court.

At the trial in the Superior Court the parties submitted the case on a "Statement of Agreed Facts." These facts summarized in substance are as follows: On August 6, 1931, the defendant Max Riceman had a license to conduct a slaughter house at 295 Revere Street, Revere. This license was originally granted and became operative in 1910 and continued to be exercised thereafter for more than twenty years. By the terms of the license Riceman was allowed to keep, slaughter and sell fowl at 295 Revere Street, Revere. On March 16, 1931, the owner of the premises, the defendant Safferson, received notice from the building inspector of the city of Revere to the effect that the building at 295 Revere Street being used for a slaughter house "is in an unsanitary and deplorable condition and is also condemned." On May 29, 1931, the board of health of the

city of Revere revoked "the license granted to Mr. Max
Riseman [*sic*] . . . for the carrying on of an offensive
trade." A few days thereafter plans and specifications for a
new building were submitted to the board of health by the
owner which indicated that in place of the old building a
new brick and tile building was to be erected at said 295
Revere Street, Revere, for the purpose of carrying on the
business of keeping, slaughtering and selling fowl. On
July 2, 1931, the board of health held a meeting and voted
to "re-consider previous motion of May 29, 1931, and
allow Max Riseman [*sic*] . . . to continue in his present
business, the keeping, killing and selling of fowl at No. 295
Revere Street, Revere." On July 2, 1931, on a motion
made and seconded the board of health voted "that plans
and specifications of Mr. Max Riseman, [*sic*] of No. 295
Revere Street, Revere, for a slaughter house be submitted
to the Board of Health Office within one week from date
of receiving notice and that he proceed to build within two
weeks from said date." On July 6, 1931, the board of
health approved the plans and specifications and on the
same day the construction of the building was begun. On
August 6, 1931, the board of health passed the vote which
follows: "VOTED: To prohibit the exercise of the trade or
employment, to wit: Of the business of keeping and main-
taining a place for the keeping and slaughtering of fowl on
the premises numbered 295 on Revere Street in said Re-
vere, which is a nuisance and hurtful to the inhabitants,
injurious to their estates, dangerous to the public health,
and is attended by noisome and injurious odors, and the
exercise of said trade is hereby prohibited at said place,
and that one Max Riseman, [*sic*] the proprietor of said
business, and one Celia Safferson, the owner of said prem-
ises, shall be notified forthwith of the making of this order."
On August 10, 1931, the defendants filed an appeal under
G. L. c. 111, § 147. On September 1, 1931, the building
was completed and in place of the old building there was
erected a new, modern brick and tile sanitary structure,
with all modern implements, in accordance with the plans
and specifications submitted to the board of health. The

building was duly accepted by the building department of the city of Revere. The defendants Riceman and Massachusetts Live Poultry Company, a corporation duly organized by law, "have ever since said August 6, 1931, engaged in the business of selling, slaughtering and keeping of fowl in said new building since its erection on September 1, 1931." On September 15, 1931, the proceedings in the appeal under G. L. c. 111, § 147, were dismissed "without prejudice."

At the trial in the Superior Court there were sixty-four requests for rulings by the defendants. Of these the judge granted twelve and denied fifty-one. As to request twelve he denied so much as stated ". . . that the nuisance, if it existed, was abated by the erection of the new building," and granted the rest.

In his decision, which is made a part of the record, the judge ruled rightly that, under G. L. c. 111, § 151, the board of health was without power in 1931 to grant "consent and permission" to Riceman "to build a new building, with certain provisos the terms of which were apparently fulfilled," because Revere at that time was a city and not a "town having a population of more than five thousand." * He properly assumed that the license to conduct a slaughter house was issued in 1910 under R. L. c. 75, § 91, now G. L. c. 111, § 143, and that a place for the exercise of the license so granted was assigned by the board of health and was revocable by it when the board should think proper, under that statute. He further rightly construed the vote of reconsideration on July 2, 1931, as an affirmative and formal making of a new assignment of the premises in question, whatever may have been the state of the buildings as a place for the exercise of a noisome trade under G. L. c. 111, § 143. The ruling, that the board of health could not bind itself irrevocably to a promise that under § 143 the new building on completion would be assigned as a place for the exercise of the defendants' business, was right, the

---

* The town of Revere became a city under the provisions of St. 1914, c. 687, which, in accordance with § 52, were accepted at the State election in November, 1914.

power to authorize the erection of the building abiding in the building commissioner alone. The inference of the trial judge that the action of the board of health on August 6, 1931, prohibiting the further exercise of the business on the premises was directed at the business as carried on in the old building then partly or wholly demolished, and the inference that not until September 1, 1931, was the new building completed and ready for carrying on the business therein, were reasonable from the agreed facts. The trial judge notes that the agreed facts do not reveal any assignment by the board of health under said § 143 of the new building or the land on which it stands as a place for carrying on a noisome business, nor any written consent and permission of the mayor and city council under said § 151, and finds on the agreed facts that a noisome trade is being carried on in the new building by Riceman and the Massachusetts Live Poultry Company with the permission of Safferson, without any sanction by any municipal authority and contrary to the order of prohibition of August 6, 1931.

The final decree ordered (1) "That the bill be dismissed as against the Massachusetts Live Poultry Company, without costs"; (2) "That the defendant Max Riceman be and hereby is permanently enjoined from using and maintaining the premises numbered 295 Revere Street, Revere, as a place for the exercise of the trade or employment of keeping and slaughtering live fowl"; and (3) "That the defendant Celia Safferson be and hereby is permanently enjoined from permitting the use and maintenance by any person or corporation of the said premises as a place for the exercise of the trade or employment of keeping and slaughtering live fowl." The defendants appealed from the final decree.

The defendants contend (1) "that the board of health of the city of Revere, could not revoke, through its order of prohibition, a vested property right"; (2) that "The source of the defendants' original authorization to do business, and the subsequent actions of the board of health in the city of Revere, indicate that their authority sprang from R. L. c. 75, § 108, and its successor, G. L. c. 111, § 151"; and (3) that "The board of health of the city of Revere was

estopped, after granting permission to the defendant to do business, and erect a new building, on July 2, 1931, from revoking its permit on August 6, 1931. In addition, the writ of prohibition of August 6, 1931, could not have been properly issued against the new building, because it was not in existence at that time."

The first position is manifestly unsound. Under G. L. c. 111, § 143, the board of health had authority to grant certain places for the exercise of any trade or employment which is a nuisance or hurtful to the inhabitants and may prohibit the exercise thereof within the limits of the town or in places not so assigned. It is plain that the acts done by the board of health are within its jurisdiction; that the only method of review is by the appeal provided by said § 147; and that this right of appeal was availed of by the defendants and subsequently abandoned "without prejudice."

The principal argument of the defendants for the reversal of the final decree rests upon their contention that the board of health had no right to revoke a license granted under R. L. c. 75, § 108, now G. L. c. 111, § 151. Because Revere is a city and not a town this may be conceded, but the board of health of both city and town, by the provisions of R. L. c. 75, § 91, now G. L. c. 111, § 143, has express authority to revoke a permit to exercise in a particular place, building or otherwise, a trade or employment such as is described in G. L. c. 111, § 143. *Cambridge* v. *Trelegan*, 181 Mass. 565. It is manifest that an assignment of a place to exercise a trade or employment such as is described in R. L. c. 75, § 91, (G. L. c. 111, § 143,) does not create a vested right in the donee of the privilege granted, and that a revocation of such a privilege does not deprive such a person of any constitutional rights. A donee of a privilege to exercise a trade or employment of the character described in R. L. c. 75, § 91, (G. L. c. 111, § 143,) may rightfully be deprived of the enjoyment of such a privilege whenever in the opinion of the board of health the continuance of such a trade or employment has become hurtful to the inhabitants, injurious to their estates, dangerous to the public health or is attended by noisome and injurious

odors. *Lexington* v. *Miskell,* 260 Mass. 544. *Ryder* v. *Lexington Board of Health,* 273 Mass. 177. This is but an exercise of the police power, and the privilege granted may be assumed to have been accepted by the donee upon the understanding that such reserved power of revocation may be exercised by the board of health. The case at bar does not fall within the rule that a license once granted is not revocable unless the right to revoke is expressly or impliedly reserved. See *Lowell* v. *Archambault,* 189 Mass. 70; *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194.

We find no reversible error in the refusal to give the requested rulings.

*Decree affirmed with costs.*