CITY OF REVERE *vs.* HARRY A. BLAUSTEIN.

Suffolk.    May 6, 1946. — July 1, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Health, Board of.    Public Health.*

A municipal board of health had power under G. L. (Ter. Ed.) c. 111, § 143, as appearing in St. 1933, c. 269, § 2, to prohibit, as a noisome trade, the painting of automobile trucks at a certain location, although such painting was not specifically named in a regulation of the board, then in effect, prohibiting certain designated trades and noisome trades in general.

At the hearing on the merits of a suit in equity to enforce an order of a municipal board of health under G. L. (Ter. Ed.) c. 111, § 143, as appearing in St. 1933, c. 269, § 2, prohibiting the carrying on of a certain trade at a specified location, the defendant was precluded from showing that his trade was not noisome and that the board had not acted in good faith, where it appeared that he previously had appealed from the board's order under § 147 and that his appeal had been dismissed.

BILL IN EQUITY, filed in the Superior Court on November 4, 1942.

The suit was heard on the merits by *Donnelly*, J.

*L. Theran* for the defendant.

No argument nor brief for the plaintiff.

RONAN, J. When this case was here before, *Revere* v. *Blaustein*, 315 Mass. 93, it was decided that the bill set forth a case for relief, and decrees sustaining the demurrer and dismissing the bill were reversed. It was held, in determining that the allegations were sufficient, if proved, to maintain the bill, that the board of health of Revere was not required to assign any place in that city for carrying on the trade or employment of painting bodies of automobile trucks; that the board, having found that the carrying on of this trade or employment by the defendant "is hurtful to the inhabitants and injurious to their estates and dangerous to public health and is noisome and attended by injurious odors," could prohibit its exercise in the city or at any location therein; that the board had prohibited the exercise of such trade or employment; that the defendant had the right to appeal to the Superior Court for a jury trial to contest the validity of the order of prohibition and, if possible, to secure an annulment or modification of the order; and that the defendant, having taken such appeal, which had terminated adversely to him, could not in the instant suit show that the business conducted by him was not a noisome and offensive trade. It was further held that the statutes under which the board had proceeded were valid, and that nothing appeared upon the face of the bill to indicate that any constitutional right of the defendant had been violated or that the action of the board was arbitrary, inequitable or unjust.

The suit has now been heard in the Superior Court, where a final decree was entered enjoining the defendant from conducting the business of painting bodies of automobile trucks on the premises located at 1459 North Shore Road, Revere, with costs to the plaintiff assessed as in an action at law. The defendant has appealed from this decree. We have a report of the evidence.

The board of health had passed a regulation in 1929, which has since been in effect, prohibiting the exercise of

certain enumerated trades or employments in the city of
Revere and in general trades and employments that were
necessarily dangerous to the public health or attended by
noisome and injurious odors.  The proof of this regulation
is amply supported by the testimony elicited in the cross-
examination of the chairman of the board.  *Ryder* v. *Board
of Health of Lexington,* 273 Mass. 177, 179.  *Commonwealth*
v. *Parrotta,* 316 Mass. 307, 312, 313.  But the painting of
bodies of automobile trucks was not specifically mentioned
in this regulation, and on September 10, 1942, the board
voted that the exercise of such a business at the location
described in the vote was harmful to the inhabitants and
their estates, was dangerous to the public health, and was
noisome and attended by injurious odors.  The board had
the power to prohibit the exercise of such a trade at the
place named, G. L. (Ter. Ed.) c. 111, § 143, as appearing in
St. 1933, c. 269, § 2, and, upon the facts in the record, no
constitutional right of the defendant was impaired even if
he were the only one affected by the regulatory action of
the board.  *Revere* v. *Riceman,* 280 Mass. 76, 79.  The de-
fendant refused to obey the order of prohibition pending his
appeal to the Superior Court for a jury trial, and his appeal
was properly dismissed.  G. L. (Ter. Ed.) c. 111, § 147.
*Taunton* v. *Taylor,* 116 Mass. 254.  The dismissal of that
appeal precluded the defendant from showing in this suit
that his business was not a nuisance or that the board was
not acting in good faith.  *Swansea* v. *Pivo,* 265 Mass. 520,
523.

None of the rulings on evidence was erroneous.  The
majority of the exceptions taken to the exclusion of evidence
relate to the existence of a nuisance or the good faith of the
board — issues which were not open — others were objec-
tionable as hearsay, and the rest were immaterial.  We need
not discuss them one by one.  They have all been examined.

There is nothing in the contention that the injunction
granted by the final decree is too broad.  *Lincoln* v. *Giles,*
317 Mass. 185.  The decree, however, should have stated
the amount of costs, and as modified by inserting this
amount it is affirmed with costs.

*So ordered.*