## CITY OF TAUNTON *vs.* ADDISON TAYLOR.

Bristol. October 28.—November 9, 1874. COLT & AMES, JJ., absent.

An ordinance of a city constituted two members of the board of mayor and aldermen and three members of the common council " a board of health of the city;" but neither the ordinance nor the joint rules and orders of the city council contained any provision as to the mode of appointment. The orders of each branch provided that all committees should be appointed by the mayor and president of the common council respectively. A board of health, consisting of two aldermen and three members of the common council, was jointly appointed by the presiding officer of each branch. *Held*, that the board was legally organized.

The provisions of the Gen. Sts. *c.* 26, §§ 52, 57, giving a board of health the power to forbid the exercise within the limits of a city of any trade which is a nuisance

or hurtful to the inhabitants, or dangerous to the public health, or the exercise of which is attended by noisome and injurious odors, or is otherwise injurious to their estates, and providing that during the pendency of an appeal to a jury the trade shall not be exercised, are constitutional.

The order of the board of health of a city under the Gen. Sts. c. 26, forbidding the exercise of an offensive trade in a city, is a quasi judicial act, and can be revised only in the manner provided in the statute; and it is not competent for the defendant, in a suit in equity brought by the board of health to enjoin him from continuing an offensive trade, to prove that the trade is not a nuisance.

An order of the board of health of a city forbidding the exercise of an offensive trade is to be construed liberally; and although it does not state expressly that the prohibited trade is a nuisance, it is sufficient, if it clearly shows that in the opinion of the board the exercise of such trade will be hurtful to the inhabitants or injurious to the public health, or be attended by noisome and injurious odors.

A board of health of a city passed the following order: "Ordered, that the exercise of the trade or employment of preparing tripe, manufacturing neat's-foot oil, tallow and glue stock, and the boiling and trying of bones, hoofs, heads, refuse and partially decayed animal matter, and, as part of such trade or employment, the storing about the premises, where such business is carried on, of putrid meats, bones, heads, legs and the various other materials from which offensive smells emanate, which are used in such trade or employment, be and the same hereby is forbidden within the limits of the city." *Held*, that the order was a valid exercise of the power conferred upon the board of health by the Gen. Sts. c. 26.

The board of health of a city passed a general order forbidding the exercise of an offensive trade within the limits of the city, and notified the defendant to abate the nuisance caused by his carrying on the forbidden trade. The defendant appealed from this order, and applied for a jury, which jury "decided that the order of the board of health should be altered as follows: That the defendant, having selected a suitable locality within the limits of the city, shall confer with the board of health after having obtained in writing the unanimous consent of the residents within a radius of one half mile of the same." The verdict was accepted by the Superior Court, and no further proceedings were had upon it. *Held*, that whether the verdict was valid or invalid, the order of the board of health remained in force, and that on a bill in equity by the city, the continuance of the trade should be enjoined.

The board of health of a city has authority to bring in the name of the city a bill in equity to restrain the exercise of an offensive trade or employment which it has prohibited, and such bill may properly be signed by the mayor.

If a general replication is filed by a plaintiff to a bill in equity, and the parties afterwards submit the case to the decision of the court upon an agreed statement of facts, and the case is reserved for this court upon the bill, answer and agreed statement of facts, the allegations in the answer are to be taken as true only so far as they are supported by the facts agreed.

If the board of health of a city, in the exercise of the powers conferred upon it by law, has brought a bill in equity to restrain the exercise of an offensive trade, and the defendant has had full notice and opportunity to be heard before a jury and in the Superior Court, and has not lost such opportunity by any mistake as to his rights, and no error is shown in any stage of the proceedings, the temporary injunction granted upon the filing of the bill will be made perpetual.

BILL IN EQUITY in the name of the city of Taunton, and signed by Daniel L. Mitchell as mayor thereof, filed August 20, 1872, and containing the following allegations :

That by an ordinance of said city it is provided that " two members of the board of mayor and aldermen, and three members of the common council, are hereby constituted a board of health of the city of Taunton, with all the powers vested in boards of health by the general laws of the Commonwealth ; " and that two members of the board of aldermen, and three members of the common council, named in the bill, constituted the board of health of Taunton for this year :

That on August 15, 1872, an order was passed by said board of health, and recorded in the records of the city, as follows : " Ordered, that the exercise of the trade or employment of preparing tripe, manufacturing neat's-foot oil, tallow, and glue stock, and the boiling and trying of bones, hoofs, heads, refuse and partially decayed animal matter, and, as a part of such trade or employment, the storing about the premises where such business is carried on of putrid meats, bones, heads, legs and the various other materials from which offensive smells emanate, which are used in such trade or employment, be and the same hereby is forbidden within the limits of the city of Taunton : "

That the defendant was carrying on in Taunton the trade or employment prohibited in said order, and on August 17 was served with a notice in writing, signed by all the members of the board of health, of the passage of the order, and that it would be enforced if not complied with within seven days ; that on August 28 said board of health passed another order, instructing the city marshal to visit the defendant's manufactory and take such means as were necessary to enforce the former order of the board ; and that the defendant declined to comply with the order of the board, and threatened to resist with force every attempt to enforce it.

The bill prayed for a subpœna, and an injunction to the defendant, his servants, workmen and agents, commanding them to desist and refrain from exercising, within the limits of the city of Taunton, the trade or employment set forth in the order of the board of health. Upon the filing of the bill a temporary injunction was granted.

The answer of the defendant contained a demurrer to the bill, because it did not appear thereby that the plaintiff corporation was a party to the suit, or entitled to the relief prayed for, or had any right in equity to proceed against the defendant as set forth in the bill ; and also the following allegations :

" That the bill is brought without the authority or direction of the city of Taunton, or of the city council thereof, or of any person or persons duly authorized to act for the city of Taunton or the city council thereof, and that Daniel L. Mitchell had no authority to institute these proceedings in equity against this defendant, either as mayor of said city of Taunton, or as the agent of said city of Taunton, or as an individual citizen thereof, and that his signature to the bill is made without authority in law or equity : "

That the persons named in the bill were never appointed a board of health of the city of Taunton ; and that the only board of health existing in the city of Taunton for the year 1872 was the city council of said city for that year :

That the order set forth in the bill was unreasonable, illegal and void ; and that the board of health of the city of Taunton had no authority to pass or enact it :

That the defendant, believing and relying on the representations of the persons named that they were the legally appointed and constituted board of health of the city, did on September 12, 1872, appeal from said order, and applied to the Superior Court for a jury, which was duly empanelled, and on October 17, after a trial and a view of the premises, returned a verdict by which they " decided that the order of the board of health should be altered as follows : That Mr. A. Taylor, having selected a suitable locality within the limits of the city of Taunton, shall confer with the board of health after having obtained in writing the unanimous consent of the residents within a radius of one half a mile of the same ; " and that the proceedings before the jury were null and void by reason of the verdict being unintelligible and plainly erroneous and beyond the authority of the jury, and by reason of the order of prohibition being unauthorized and void as before set forth :

That the trade or employment of preparing tripe, manufacturing neat's-foot oil, tallow and glue stock, and the boiling and

trying of bones, hoofs and heads, were divers and distinct branches of business, and were none of them nuisances or hurtful to the inhabitants of the city of Taunton, or dangerous to the public health, or attended with noisome and injurious odors, or injurious to the estates of the citizens of Taunton, but contrariwise were necessary and useful branches of business; nor was the preparing of tripe or the manufacture of neat's-foot oil, tallow and glue stock, or the boiling and trying of bones, carried on by this defendant so as to be a nuisance, or hurtful, or dangerous, or injurious as above set forth.

The plaintiff filed a general replication. The parties afterwards agreed to submit the case to the court upon the bill and answer and a statement of facts in substance as follows:

On May 31, 1865, the city council of the city of Taunton passed an ordinance concerning the public health, which has ever since been and now is in force, the first section of which is as set forth in the bill. The city council for the municipal year 1872 adopted joint rules and orders providing that at the commencement of the municipal year, joint standing committees on several specified subjects should be appointed by the respective boards, unless otherwise ordered. One of the rules and orders of the mayor and aldermen is that "all committees shall be appointed by the mayor, unless the board otherwise determine." One of the rules and orders of the common council is that "all committees shall be appointed and announced by the president, unless otherwise provided for, or specially directed by the council." No committee relating to a board of health is mentioned in any of said rules and orders.

It is admitted, if the facts are competent as testimony, that every year since the year 1865 until the year 1872, and including the year 1872, the mayor of the city of Taunton has designated or appointed two persons, members of the board of aldermen of that year, and the president of the common council has designated or appointed three persons, members of the common council of that year, and that those five persons so designated or appointed have each year met together, organized themselves as a board of health of the city of Taunton, and performed duties such as are incidental to a board of health; and that in this way during the year 1872 the mayor and the president of the common council respectively

designated or appointed the persons named in the bill, and that they met and organized as a board of health, and discharged the duties of the board of health of the city of Taunton for the year 1872. The plaintiff contends that they were legally appointed a board of health for the city of Taunton. The defendant denies that they were so legally appointed.

The verdict set out in the answer has been accepted by the Superior Court, and no further action has been taken by that court thereon.

It is further agreed that the rights of the parties, if they have any, to submit an issue of fact to a jury as to whether the business, as carried on by the defendant, was an offensive business within the meaning of the statute, are hereby waived, and that the parties expressly reserve all objections to the form of proceedings.

The case was reserved by *Morton*, J., upon the bill, answer and agreed statement of facts for the consideration of the full court.

*G. E. Williams*, for the plaintiff.

*C. A. Reed*, for the defendant.

GRAY, C. J. This is a bill in equity to restrain the exercise by the defendant of an offensive trade in violation of an order of the board of health of the city of Taunton. Various objections are made to the granting of the relief prayed for, but we are of opinion that none of them can be sustained.

1. By the Gen. Sts. *c.* 26, § 2, no different provision being made by law, the city council might appoint a joint committee of their body a board of health. By an ordinance of the city of Taunton, two members of the board of mayor and aldermen and three members of the common council were constituted such a board. No provision as to the mode of appointment was made by the ordinances of the city, or by the joint rules and orders of the city council. But the orders of each branch provided that all committees should be appointed by the mayor and the president of the common council respectively. It follows that the members of the joint committee, constituted by the ordinance a board of health, were duly appointed by the presiding officers of each branch, and that the board so constituted and appointed was legally organized.

2. By the same statute, the board of health may forbid the exercise, within the limits of the city, or in any particular locality thereof, of " any trade or employment which is a nuisance or hurtful to the inhabitants, or dangerous to the public health, or the exercise of which is attended by noisome and injurious odors, or is otherwise injurious to their estates." §§ 52, 60. Any such order of prohibition is to be served upon the occupant or person having charge of the premises where such trade or employment is exercised, and if he refuses or neglects 'for twenty-four hours to obey it, " the board shall take all necessary measures to prevent such exercise." § 55. Any person aggrieved by such order may appeal therefrom, and, upon application to the Superior Court, or a justice thereof in vacation, within three days from the service thereof, may obtain a warrant for a jury, to be empanelled as in the case of the laying out of highways. § 56. The order is to be obeyed pending the appeal. § 57. " The verdict of the jury, which may either alter the order, or affirm or annul it in full, shall be returned to the court for acceptance, as in case of highways ; and said verdict, when accepted, shall have the authority and effect of an original order from which no appeal had been taken." § 58.

The authority of the legislature to confer powers of this character, for the protection of the public health and the suppression of nuisances, upon municipal boards or officers, is well settled. Such powers must be summarily exercised, in order to accomplish their object. To allow the offensive trade to be carried on until it had been decided by a jury to be a nuisance, and the questions of law arising upon such a trial had been determined by the court, would defeat the purpose of the statute. It is a case in which private rights must be held subordinate to the public welfare, and falls within the strictest interpretation of the maxim, *Salus populi suprema lex.* The rights of any person to be affected by the order of prohibition are reasonably secured by requiring the order to be served upon him or the person in charge of his business, and by allowing him an appeal to a jury, to be empanelled immediately, without waiting for a regular term of court, and by whose verdict the order may be altered, annulled or affirmed. *Belcher* v. *Farrar*, 8 Allen, 325.

The determination of the board of health is not a merely ministerial act ; but is *quasi* judicial, in the sense that it is not to be contested or revised, except in the manner provided in the statute. The allegation in the defendant's answer, that the trade which he carried on was not a nuisance, therefore stated no defence which could have availed him at any stage of this cause.

The case of *Salem* v. *Eastern Railroad*, 98 Mass. 431, differed from this in being a suit to recover the expenses of removing a nuisance in accordance with a special order under the Gen. Sts. c. 26, §§ 8–10, respecting which the defendant had had no opportunity to be heard, either before the board of health or on appeal; and the decision allowing the defendant to contest the facts found by the order was based upon that distinction.

3. But an order of the board of health, under the Gen. Sts. c. 26, § 52, is not in the nature of an adjudication of a particular case, but of a general regulation of the trade or employment mentioned therein. It is not to be construed with technical strictness, but with the same liberality as all votes and proceedings of municipal bodies or officers who are not presumed to be versed in the forms of law ; and every reasonable presumption is to be made in its favor. *Commonwealth* v. *Patch*, 97 Mass. 221. It need not state in direct terms that the trade which it prohibits is a nuisance. It is sufficient if the order clearly shows that in the opinion of the board of health the exercise of such trade will be hurtful to the inhabitants, or injurious to the public health, or be attended by noisome and injurious odors.

The trade or employment described in the order of prohibition now before us is a single trade or employment, which includes not only " preparing tripe, manufacturing neat's-foot oil, tallow and glue stock, and the boiling and trying of bones, hoofs, heads, refuse and partially decayed animal matter," but also, " as a part of such trade or employment, the storing about the premises where such business is carried on of putrid meats, bones, heads, legs and the various other materials from which offensive smells emanate, which are used in such trade or employment." The very terms of this description sufficiently manifest and declare the opinion of the board of health that the trade or employment in question is, to say the least, attended by noisome and injurious odors. The order was therefore a valid exercise of the power conferred upon the board of health by the statute.

4. The verdict of the jury in this case did not annul the order of the board of health, or affect it otherwise than by permitting the defendant, after selecting a suitable locality, and obtaining the consent in writing of all those residing within half a mile thereof, to confer with the board of health. It is not pretended that he has obtained such consent of those residing in the neighborhood of his works; and if he had, the verdict merely permitted him to apply anew to the board of health. If the defendant was dissatisfied with the verdict, his remedy was by application to the Superior Court to set it aside, and, if aggrieved by any ruling of that court in matter of law, by bringing the question before this court on exceptions or appeal. *Taylor* v. *Taunton*, 113 Mass. . *Tucker* v. *Massachusetts Central Railroad*, *ante*, 124. If the verdict, as the defendant suggests, should be held so indefinite as to be a nullity, his position would not be strengthened. Whether the verdict is good or bad, the order of the board of health stands.

5. The board of health, in exercising this and like powers under the statute, acts in behalf of all the inhabitants of the city. It is expressly charged by the Gen. Sts. c. 26, § 55, to take all necessary measures to prevent the exercise of any trade in violation of its order; and for that purpose it may, without special authority, bring a suit in the name of the city. *Winthrop* v. *Farrar*, 11 Allen, 398. *Salem* v. *Eastern Railroad*, 98 Mass. 431. *Watertown* v. *Mayo*, 109 Mass. 315. In such a suit, as in any other lawfully brought in the name of the city, the bill may properly be signed by the mayor. *Central Bridge* v. *Lowell*, 15 Gray, 106, 122. *Nichols* v. *Boston*, 98 Mass. 39.

6. It is only when the plaintiff takes the same position as if he had demurred in an action at law, and sets down the cause for hearing upon the bill and answer, and thereby precludes the defendant from proving his allegations, that the statements in the answer are to be taken to be true. *Perkins* v. *Nichols*, 11 Allen, 542. But in the present case the plaintiff filed a general replication, and the parties afterwards submitted the case to the decision of the court upon an agreed statement of facts. The allegations in the answer are not therefore to be taken as true further than they are supported by the facts agreed.

7. The defendant having had full notice and opportunity to be heard before the jury and in the Superior Court, and not having lost such opportunity by any mistake as to his rights, and no error being shown in any stage of the proceedings, the injunction granted upon the filing of the bill should be made perpetual. *Winthrop* v. *Farrar*, 11 Allen, 398.

*Decree for the plaintiff.*