## COMMONWEALTH *vs.* JAMES O. YOUNG.

Suffolk. January 26. — September 7, 1883.

A board of health of a town, in 1881, made a regulation which provided that no swine should be kept in any place in the town, without a permit being first obtained from the board. On a complaint against a person for violation of this regulation, it appeared that the defendant kept about a hundred and fifty swine, and had been engaged for years in the business of feeding offal to swine. *Held*, that such a keeping of swine was an " employment," and that the authority of the board to regulate the same was under the Gen. Sts. *c.* 26, § 52, and not under § 5; that the defendant was entitled to notice under § 55; and that a publication under § 6 was not sufficient.

COMPLAINT to the Police Court. of Chelsea, charging the defendant with the violation, on August 16, 1882, of an order or regulation made by the board of health of the town of Revere, adopted on October 11, 1881, as follows: " Reg. 5. No swine shall be kept in any place in this town, on and after November 11, 1881, without a permit first being obtained from the board of health in writing. Said permit may be revoked at any time where said keeping of swine shall appear to the board to be prejudicial to the public health, comfort or safety."

Trial in the Superior Court, on appeal, before *Mason*, J., who allowed a bill of exceptions in substance as follows:

It appeared in evidence, that the town of Revere, at the time the board of health made the order or regulation, for the violation of which the defendant was arrested, contained an area of 3419 acres, and a population of some 2200 inhabitants; that about one half of the area of the town was in use for agricultural purposes, and there were farms within the limits of the town containing from one hundred to one hundred and fifty acres; that the valuation of farming lands and farm buildings was not less than $340,000.

It also appeared that a large number of swine were kept in the town, and had been for a number of years; that in some instances offal from the city of Boston had been brought to Revere and fed to swine; and that the defendant and others had been engaged for years in the business of feeding offal to swine kept in Revere.

It further appeared that the board of health of that town made the order or regulation referred to, at a meeting of the board held in 1881, the record of which is as follows: "1881, Oct. 11, Board of Health Record, continued. The board met at call of chairman, at 8 P. M. The matter of swine-keeping in the town was discussed, and the board, feeling that some action should be taken, looking to better regulation of the business, it was thought best to establish the ' permit system; ' and it was voted that regulation 5 of the regulations of this board, made and published for 1881, be and is hereby rescinded from and after this date. Voted, that regulation 5 of the board of health regulations, town of Revere, shall be as follows: ' No swine shall be kept in any place in this town on and after November 11, 1881, without a permit first being obtained from the board of health in writing. Said permit may be revoked at any time when said keeping of swine shall appear to the board of health to be prejudicial to the public health, comfort or safety.' The secretary was instructed to publish the above votes in the Revere Journal."

Directly after said order was passed, copies of it were posted in different places in Revere, and sent to every house in the town, and published in the Revere Journal, a paper published in said town; but no other written notice was ever given to

the defendant in reference to the order prohibiting the keeping of swine.

It was also in evidence, that the defendant kept, at the time of the complaint and his arrest, something like one hundred and fifty swine, near what is known as "Revere Beach," and that the dwellings near that place were largely cottages, occupied during the summer only; that these cottages were built upon lots, containing, as a rule, five thousand square feet; that the nearest one was within five hundred feet of the place where the defendant kept his swine; that there was a railroad station within twelve hundred feet of the defendant's piggery, and that during the summer months a large number of people occupied cottages near the beach, and travelled to and from it.

The defendant asked the judge to rule, among other things, that "the regulation, or order, for the violation of which the defendant was arrested, is an order or regulation, made under and by authority of the Pub. Sts. c. 80, § 84, respecting the exercise and prohibition of offensive trades; that the government must satisfy the jury that the order of prohibition (the same being regulation numbered five) was served upon the defendant twenty-four hours, at least, before the making of the complaint upon which the defendant was arrested, and that the board of health took all necessary measures to prevent the defendant from exercising the employment of keeping swine, and that the defendant, after the service of such order, refused or neglected to comply with the same; and that the regulation or order numbered five, for the violation of which this defendant was arrested, was unreasonable and invalid."

The judge refused so to rule, but ruled that the regulation was valid; and submitted the case to the jury on the question whether or not the defendant had violated the regulation.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*S. L. Powers*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth. The regulation in question was made under the authority given by the Gen. Sts. c. 26, § 5, which authorizes the board of health to make such regulations as it judges necessary for the public health and safety, respecting nuisances, sources of filth, and

causes of sickness within its town. Notice by publication in a newspaper in the town, under § 6, was therefore sufficient. See *Commonwealth* v. *Patch*, 97 Mass. 221; *Salem* v. *Eastern Railroad*, 98 Mass. 431, 443.

COLBURN, J. We are of opinion that the keeping by the defendant of one hundred and fifty swine in Revere, and feeding them upon offal brought from Boston, was an " employment" within the meaning of the Gen. Sts. *c.* 26, § 52.* The board of health had authority under that section of the statute, if it deemed such employment a nuisance, to prohibit its exercise within the limits of the town, and it had no such authority under any other statute.

Whether the board of health was authorized, in a single order, to forbid the keeping of a single swine, and also the employment of keeping swine, we do not find it necessary to determine in this case; for, if not so authorized, the order was invalid, and, if authorized, the defendant, who was exercising an employment in which he had been engaged for years was entitled, before prosecution, to have the order of prohibition served upon him, as provided in § 55, and an opportunity to appeal to a jury, as provided in § 56; and, no such service having been made, his prosecution was unauthorized. The corresponding provisions of the Pub. Sts. are *c.* 80, §§ 84, 87, 88. *Belcher* v. *Farrar*, 8 Allen, 325. *Taunton* v. *Taylor*, 116 Mass. 254. *Sawyer* v. *State Board of Health*, 125 Mass. 182.

A majority of the court are of opinion that the

*Exceptions must be sustained.*

---

* This section provides that " the board shall from time to time assign certain places for the exercising of any trade or employment which is a nuisance or hurtful to the inhabitants, or dangerous to the public health, or the exercise of which is attended by noisome and injurious odors, or is otherwise injurious to their estates, and may prohibit the exercise of the same in places not so assigned ; the board may also forbid the exercise of such trade or employment within the limits of the town or in any particular locality thereof."