INHABITANTS OF QUINCY vs. FRANK E. KENNARD & another.

Norfolk.    March 28, 1890. — June 19, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Town — Board of Health — Order.*

The board of health of a town may, under the Pub. Sts. c. 80, § 84, pass a qualified order forbidding the exercise of the employment of keeping swine within the town "without a permit in writing first obtained from the board of health."

BILL IN EQUITY to prevent the defendants, as occupants of certain premises upon a public street in the town of Quincy, from using the premises for the carrying on and exercise of the trade or employment of keeping swine without a permit.    The bill alleged, that on July 11, 1888, the board of health of the town passed an order forbidding within the limits of the town "the exercise of the trade or employment of keeping swine, which is a nuisance dangerous to the public health, attended by noisome and injurious odors, and is otherwise injurious to the estates of the inhabitants of Quincy, . . . without a permit in writing first obtained from the board of health"; that the order was duly published in a newspaper at Quincy, was duly recorded in the records of the town, and on July 20 following was served upon the defendants, who refused and neglected to obey the same.    The defendants demurred to the bill for want of equity, and on the ground that the order of the board of health was qualified, and not absolute.    *C. Allen*, J., overruled the demurrer; and the defendants appealed to the full court.

*J. L. Eldridge*, for the plaintiff.

*A. Russ & D. A. Dorr*, for the defendants.

HOLMES, J.    It is admitted that the board of health had authority to forbid the exercise of the employment of keeping swine in the town of Quincy.    Pub. Sts. c. 80, § 84.    *Commonwealth* v. *Young*, 135 Mass. 526.    *Taunton* v. *Taylor*, 116 Mass. 254.    But it is argued that the order passed was invalid, because the prohibition contained in it was qualified by the words "without a permit in writing first obtained from the board of health." We are at a loss to see how it affects the validity of the order,

that the board expressly reserved to themselves a power to do what they could have done even if the prohibition had been absolute, or how the defendants are put in a worse position by the order contemplating the possibility that the board of health may grant them a written permit, than if it had excluded that possibility.  The parties having agreed that the case should be finally disposed of by the decision upon the demurrer, an injunction will issue.

*Demurrer overruled.   Injunction to issue.*