TOWN OF LEXINGTON *vs.* WILLIAM J. MISKELL.

Middlesex.    May 17, 1927. — July 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Health, Board of. Equity Jurisdiction,* To enforce order of board of health. *Equity Pleading and Practice,* Jury claim. *Municipal Corporations,* Officers and agents. *Nuisance. Public Health. Piggery.*

A town may maintain a suit in equity to enforce regulations adopted by its board of health in good faith under the provisions of G. L. c. 111, §§ 31, 122, 143, by enjoining the proprietor of a piggery who was carrying on, in violation of regulations of the board and without a permit required by the regulations, a business which was hurtful to the inhabitants of the town, was accompanied by noisome and injurious odors, and interfered with the comfort and health of the public.

A prayer for a jury trial, filed for the first time by the defendant in his answer to a bill in equity of the character above described thirty-nine days after the service upon him by the board of health of a notice to cease violation of its regulations and thirty-four days after the filing of the bill in equity, even if it were an application for a jury under G. L. c. 111, § 147, which was not decided, was not seasonably made.

BILL IN EQUITY, filed in the Superior Court on July 19, 1926, and described in the opinion.

The suit was heard by *Bishop,* J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence. Material facts are stated in the opinion. By order of the judge, a decree was entered granting the relief sought. The defendant appealed.

The case was submitted on briefs.

*S. L. Whipple, L. Withington, & J. S. McCann,* for the defendant.

*S. R. Wrightington,* town counsel, for the plaintiff.

CARROLL, J. In this suit in equity the plaintiff alleged that its board of selectmen, acting as a board of health,

adopted regulations with respect to the keeping of swine; that the defendant since May 1, 1926, has kept a large number of swine within the limits of the town of Lexington without obtaining a permit and without "complying with the conditions of such a permit"; that the board determined that the defendant's keeping of swine "was attended by noisome and injurious odors and is a nuisance or hurtful to the inhabitants of Lexington"; that the order of prohibition with a copy of the regulations was served upon the defendant; that the defendant has refused to obey the order and has continued to keep swine without a permit "in a manner which violates the conditions upon which any such permit can be granted." The plaintiff asked that the defendant might be enjoined against continuing hereafter to exercise "the trade or employment of keeping swine in the plaintiff town." In the Superior Court a decree was entered enjoining the defendant from keeping swine in the town in violation of the regulations of the board of health. The defendant appealed.

By St. 1922, c. 1, the board of selectmen of the town of Lexington were given the powers and duties of a board of health. This statute was duly accepted by the town. It was found by the judge that the regulations governing the keeping of swine were adopted, approved and published; that the defendant since May 1, 1926, has kept from four hundred to six hundred swine on his premises within the town of Lexington, without first obtaining a permit to do so from the board; that in 1925 the defendant had a permit which expired on or about April 30, 1926; that on July 14, 1926, the selectmen, acting as a board of health, determined that the keeping of swine by the defendant was a menace and harmful to the inhabitants of the town and issued an order prohibiting the defendant from keeping swine upon his premises, which, together with a copy of the regulations of the board of health, was duly served upon him on the same date; that the defendant has refused and neglected to obey the order of prohibition and has continued to conduct on his premises "the trade or employment of keeping swine without a permit from the board of health," and has kept

the swine in a manner contrary to the regulations of the board and in violation of conditions upon which permits are issued; and that the selectmen acting as a board of health have at all times acted in good faith, believing that piggeries such as the defendant maintains are "a menace and hurtful to the inhabitants of the town." The judge also found that no claim for trial by jury was filed until after thirty days from the time when service was made on the defendant of the order of prohibition.

The defendant contends that the plaintiff is not entitled to equitable relief. Boards of health may prohibit the exercise of any trade or employment which is a nuisance or hurtful to the inhabitants, "injurious to their estates, dangerous to the public health, or is attended by noisome and injurious odors." G. L. c. 111, § 143. By § 31 of G. L. c. 111, boards of health may make reasonable health regulations; and by § 122 of this chapter they are required to examine into all nuisances, sources of filth and causes of sickness within the town which in their opinion are injurious to the public health, and they "shall destroy, remove or prevent the same." As the defendant was carrying on his business without a permit, as required by the regulations of the board, and the business was hurtful to the inhabitants of the town and was accompanied with noisome and injurious odors, and the comfort and health of the public were involved, relief will be given in equity to restrain him from further violation of the regulations of the board of health, and the carrying on of his trade or employment of keeping swine without a permit. *Taunton* v. *Taylor*, 116 Mass. 254. *Quincy* v. *Kennard*, 151 Mass. 563. See *Cambridge* v. *Trelegan*, 181 Mass. 565.

*Commonwealth* v. *Young*, 135 Mass. 526, *Belmont* v. *New England Brick Co.* 190 Mass. 442, *Lexington Board of Survey* v. *Suburban Land Co.* 235 Mass. 108, and the other cases relied on by the defendant are not applicable to the facts in the case at bar and do not prevent the plaintiff from obtaining equitable relief against the defendant.

Under § 147 of G. L. c. 111, whoever is aggrieved by an order made under § 143 or § 152 of this chapter may within

three days after the service of the order upon him give written notice of appeal to the board and file a petition for a jury, and after notice to the board he may have a trial in the same manner as other civil cases are tried by jury. If by mistake or accident he fails within three days to make application, and it appears to the court that such failure was caused by accident or mistake, and he has not since the service of the order violated it, he may within thirty days after service of the order apply for a jury.

This section was not complied with by the defendant. No "written notice of appeal" was given to the board and no "petition for a jury" was filed. No claim for a jury was made until thirty days had expired from the service of the order on the defendant, and the "first time, if ever, that the defendant made a claim for jury trial was when he filed his answer." The order was served on the defendant on July 14, 1926. The plaintiff's bill in equity was filed July 19, 1926. The defendant's answer was filed on August 23, 1926. In the last paragraph of the answer the defendant asks "that he may be granted a jury trial for the determination of this issue." Even if it be assumed, but without so deciding, that an application for a jury to pass upon the validity of an order of a board of health is in accordance with the statute when the application is made in the answer to the suit in equity, and not by a separate petition, the defendant has not brought himself within the terms of the statute. The three days allowed to make application had passed; and even if there were any accident or mistake giving him thirty days within which to apply, this time had expired when on August 23 he filed his answer.

The plaintiff was entitled to relief in equity and the decree is affirmed with costs.

*Ordered accordingly.*