INHABITANTS OF SWANSEA *vs.* JOHN C. D. PIVO.

Bristol.    November 7, 1928. — January 4, 1929.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Health, Board of,* Amendment of record. *Garbage. Piggery. Equity Jurisdiction,* To enforce order of board of health. *Evidence,* Competency.

The clerk of a municipal board of health has power to amend his records of a meeting of the board when certain regulations were adopted and of another meeting when an order of prohibition was made, to make the records conform to the truth, even though he does not make such amendments until after service of the order of prohibition upon one who was violating its terms; and, after such amendments are made, they become a part of the record and the whole record as amended is to be considered as the true record.

A town may maintain a suit in equity to enforce regulations adopted by its board of health under the provisions of G. L. c. 111, §§ 31, 122, 143.

At the hearing of a suit in equity by a town to enjoin the defendant from violating regulations and an order of prohibition adopted by its board of health under G. L. c. 111, §§ 31, 122, 143, there was evidence that, after service of the order of prohibition upon the defendant, the clerk amended his records of meetings when the regulation and the order were adopted.  A member of the board testified that he saw the amended records, and he then was asked, subject to the defendant's objection, if they were an accurate record of the meetings, and he answered in the affirmative.  *Held,* that the testimony properly was admitted.

At the hearing of such suit, evidence was not admissible upon the question, whether the board of health acted in bad faith in issuing the order of prohibition and in refusing to issue the permit, and whether the actions complained of constituted a nuisance and were injurious to health.

BILL IN EQUITY, filed in the Superior Court for the county of Bristol on December 8, 1927, to enjoin "the defendant from continuing to exercise the trade or employment of keeping swine or dumping or leaving swill or garbage in the plaintiff town" in violation of regulations and an order of prohibition adopted by the board of health of the plaintiff town.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By order of *Gray, J.*, there were entered an interlocutory decree confirming the master's report and a final decree granting the plaintiff the relief sought. The defendant appealed from both decrees.

The case was submitted on briefs.

*D. R. Radovsky, H. W. Radovsky, & I. H. Simon,* for the defendant.

*L. E. Wood & W. E. Fuller,* for the plaintiff.

CROSBY, J. This is a bill in equity brought to restrain the defendant from keeping swine or dumping or leaving garbage in the plaintiff town. The plaintiffs, through their board of selectmen acting as a board of health, on July 8, 1927, adopted certain regulations with respect to the keeping of swine, and the carriage and deposit of garbage within the limits of the town. These regulations, so far as material to the issues of law presented, are (1) "No person, firm or corporation shall keep or maintain within the limits of the Town six or more swine over three months of age without a permit from the Board of Health"; and (2) "No person, firm or corporation shall deposit, dump or leave within the limits of the Town any swill or garbage without a permit from the Board of Health and in such case in no place other than that fixed by the Board and described in such permit . . . ." Thereafter, the defendant kept a large number of swine within the limits of the town, without a permit from the board of health and in violation of the terms of the regulations. On November 21, 1927, acting under G. L. c. 111, § 143, the board of health directed the issuance of an order of prohibition against the defendant, having previously determined that the exercise of the trade or employment of keeping swine and dumping or leaving swill or garbage by the defendant was dangerous to the public health and a nuisance. It is admitted that this order of prohibition was duly served on the defendant on November 22, 1927.

The case was referred to a master, who found that the defendant admitted he had failed to obey the order and has continued to conduct on his premises such trade or employment without a permit from the board of health. The de-

fendant contends that the board of health did not legally adopt the regulations above set forth and denies that they were in existence at the time the order of prohibition was served or when this suit was brought. He further denies that the record of the meeting held on July 8, 1927, was a true statement of what took place at that time, and that the amended records of the meeting on November 21, 1927, were a true record of the acts of the board of health. He also contends that if the regulations were legally adopted, the board acted in bad faith in refusing to grant him a permit and so acted for the purpose of injuring him. It is stated by the master that "It is agreed by counsel that the master is not to report findings on the issue of the good or bad faith of the action of the board of health in making these regulations or upon the issue of whether the defendant's acts as alleged are noisome, injurious, dangerous to the public health, or a nuisance."

The report discloses it was admitted by the plaintiff that the records of the meeting held on July 8, 1927, when the regulations were adopted, and the records of the meeting of November 21, 1927, when the order of prohibition was voted, were amended by the clerk of the board of health the latter part of November or the first part of December, 1927, and that the amended records were signed by the clerk of the board. The master further found that "the amended records, . . . in evidence, are a true record of what took place at the meetings named." The records as amended plainly show that the regulations and order of prohibition were duly adopted. The clerk had power to amend his original records to conform to the truth. The amendments thus made became a part of the record and the whole record is to be considered as such. *Halleck* v. *Boylston,* 117 Mass. 469, 470. *Judd* v. *Thompson,* 125 Mass. 553, 555. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 217.

The town may maintain a suit in equity to enforce regulations adopted by its board of health, under the provisions of G. L. c. 111, §§ 31, 122, 143. *Quincy* v. *Kennard,* 151 Mass. 563. *Lexington* v. *Miskell,* 260 Mass. 544.

A member of the board of health testified that he saw the amended records. He was asked, subject to the defendant's objection, if they were an accurate record of the meetings of July 8, 1927, and November 21, 1927. His answer was in the affirmative. We are of opinion that the objection cannot be sustained. As the original records were inaccurate and defective, it was within the power and was the duty of the clerk to amend them. It could be shown by a member of the board that the amended records were accurate. See *Pease* v. *Smith*, 24 Pick. 122. *Wallace* v. *First Parish in Townsend*, 109 Mass. 263.

The defendant made an offer to prove that the board of health acted in bad faith in issuing the order of prohibition, and in refusing to issue the permit, and offered to show that the acts complained of did not constitute a nuisance and were not injurious to health. This evidence was rightly excluded. The proffered proof was not admissible in these proceedings. *Taunton* v. *Taylor*, 116 Mass. 254. *Quincy* v. *Kennard, supra. State* v. *Rosenstein*, 148 Minn. 127, 131. See *Boston* v. *Talbot*, 206 Mass. 82, 89.

"The determination of the board of health is not a merely ministerial act; but is *quasi* judicial, in the sense that it is not to be contested or revised, except in the manner provided in the statute. The allegation in the defendant's answer, that the trade which he carried on was not a nuisance, therefore stated no defence which could have availed him at any stage of this cause." *Taunton* v. *Taylor*, 116 Mass. 254, 261. *Stratton* v. *Lowell*, 181 Mass. 511, 513. *Board of Health of Worcester* v. *Tupper*, 210 Mass. 378. *Wheeler* v. *Boston*, 233 Mass. 275.

The statutory provisions relative to the issuance of orders of prohibition and to the right of appeal therefrom, so far as material, are contained in G. L. c. 111, §§ 143, 146, 147 and 148. It does not appear that any special authorization to continue the trade or employment pending this suit was given under G. L. c. 111, § 148.

As no error of law appears in the entry of the interlocutory and final decrees, they are affirmed.

*Ordered accordingly.*