## MAYOR OF CAMBRIDGE vs. LOUIS W. DEAN.

Middlesex.    December 7, 1937. — April 8, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Equity Pleading and Practice*, Taking bill for confessed, Parties. *Nuisance.*
    *Equity Jurisdiction*, To enjoin maintenance of nuisance. *Municipal*
    *Corporations*, Officers and agents. *Piggery. Public Health. Water*
    *Supply. Cambridge.*

An interlocutory decree taking a bill in equity for confessed establishes
    only facts well pleaded in the bill; it does not justify the entry of a
    final decree granting relief not warranted by those facts.
The mayor of Cambridge had no standing to maintain a suit in equity
    to enjoin the operation of a piggery in Lincoln, which was being
    carried on without the written consent and permission of the board
    of health of Lincoln required by G. L. (Ter. Ed.) c. 111, § 151, even
    though the piggery resulted in pollution of the water supply of Cam-
    bridge.
A suit in equity by the mayor of Cambridge to enjoin the proprietor of
    a piggery in Lincoln from permitting garbage and other offensive
    matter to escape into a tributary of Stony Brook, part of the water
    supply of Cambridge, could not be maintained under G. L. (Ter. Ed.)
    c. 111, § 169, where no violation of § 167 was shown, nor under § 164
    where no violation of the rules of the State department of public
    health for the protection of the Cambridge water supply was shown.

BILL IN EQUITY, filed in the Superior Court on December
14, 1932.

From the denial by *Beaudreau*, J., of a motion of the de-
fendant for leave to file a demurrer and answer, and from a
final decree, the defendant appealed.

*D. R. Pokross*, (*E. G. Fischer* with him,) for the defendant.
*G. A. McLaughlin*, City Solicitor, for the plaintiff.

LUMMUS, J.    The defendant maintains a piggery partly
in Lincoln and partly in Waltham, adjacent to a tributary
of Stony Brook which forms part of the water supply of
Cambridge.    He has no written consent and permission
from the board of health of Lincoln under G. L. (Ter. Ed.)
c. 111, § 151.    He has permitted garbage and other offen-
sive matter to accumulate on his land and to escape there-

from into the tributary of Stony Brook and to pollute its waters. The foregoing were in substance the allegations of the bill which was taken for confessed against the defendant early in 1933 because of his failure to appear. Rule 25 of the Superior Court (1932). There the case rested for more than four years. On August 26, 1937, the judge refused to reopen the case, and entered a final decree permanently enjoining the defendant against permitting garbage and other offensive matter to accumulate upon his premises and to escape therefrom and to pollute the waters in question. The defendant appealed.

The interlocutory decree taking the bill for confessed did not ensure a decree for the plaintiff. It only established as true the facts properly pleaded, and required the entry of whatever decree those facts demanded. If the bill failed to state a case calling for relief, it must be dismissed. *Russell* v. *Lathrop*, 122 Mass. 300. *Grant* v. *Pizzano*, 264 Mass. 475. *Pofcher* v. *Fisher*, 272 Mass. 78, 83. For the similar rule at law, see *Hemmenway* v. *Hickes*, 4 Pick. 497; *Dryden* v. *Dryden*, 9 Pick. 546; *Tarbell* v. *Gray*, 4 Gray, 444; *Hollis* v. *Richardson*, 13 Gray, 392; *Mullaly* v. *Holden*, 123 Mass. 583; *Farnum* v. *Aronson*, 253 Mass. 464, 466; G. L. (Ter. Ed.) c. 250, § 4; *Perkins* v. *Bangs*, 206 Mass. 408, 416.

As an individual the plaintiff shows no right to maintain a suit for the abatement of a public nuisance, and his right as mayor of a city is no greater unless he shows that some statute has vested him with authority to vindicate the right of the public. "The general principle is that a suit in equity can be maintained only for vindication of rights of property; an individual commonly has no property right to obedience by his neighbors to statutes or ordinances." *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 290. An information in equity by the Attorney General is the normal remedy for the abatement of a public nuisance. *Attorney General* v. *Boston & Albany Railroad*, 246 Mass. 292, 296. See also *Cape Cod Steamship Co.* v. *Selectmen of Provincetown*, 295 Mass. 65, 69; *Tuckerman* v. *Moynihan*, 282 Mass. 562, 568, 569. It is true that where the regulation of the subject matter has been entrusted to the officers of a

municipality, the inhabitants of which are peculiarly interested, and the wrongdoing alleged consists of a violation of the rules and orders of those officers, the municipality has been allowed to maintain a suit in its name. *Salem* v. *Eastern Railroad,* 98 Mass. 431, 442. *Taunton* v. *Taylor,* 116 Mass. 254, 262, and cases cited. *Worcester Board of Health* v. *Tupper,* 210 Mass. 378, 383. *Lexington* v. *Miskell,* 260 Mass. 544, 546. *Swansea* v. *Pivo,* 265 Mass. 520, 522. But the mayor is not the city, and the bill does not allege any violation of the municipal regulations of Cambridge or of its officers. The plaintiff as mayor of Cambridge has no standing to restrain the maintenance of a piggery without the consent of the board of health of Lincoln.

Of course a statute may give to a mayor the right to maintain a suit in his name. G. L. (Ter. Ed.) c. 111, § 169. The allegations of the bill do not make out a case under that section, for it is not alleged that any act forbidden by § 167 was done with respect to any feeder or tributary "within twenty miles above the point where such [water] supply is taken." Whether G. L. (Ter. Ed.) c. 111, §§ 160–164, read together (*Nelson* v. *State Board of Health,* 186 Mass. 330), include the mayor of a city in the words "any party interested," and thus entitle him to maintain a suit to enforce the rules of the department of health of the Commonwealth which are set out in the bill, we need not decide in this case. Rules 5 and 6 prohibit certain acts, connected with agriculture and the keeping of pigs and other animals, within a certain number of feet from any waters flowing into the Stony Brook Reservoir; but the bill does not charge the doing of any prohibited act within the distance specified. Those rules, with G. L. (Ter. Ed.) c. 111, § 167, appear to cover fully the subject of pollution through farming or the keeping of animals. Rule 9 contains a general prohibition which, if it stood alone, might be held to make illegal the acts charged in the bill. But read in the light of the context and of the rules already mentioned, Rule 9, in the opinion of a majority of the court,

does not apply to the keeping of pigs but applies to pollution through manufacturing operations. In the opinion of a majority of the court, the bill does not show a violation of any of the rules.

Since the facts alleged do not make a case for the plaintiff, the bill must be dismissed. The appeal from the interlocutory decree refusing to reopen the case on the facts becomes of no consequence and is not considered.

> *Interlocutory decree affirmed.*
> *Final decree reversed.*
> *Bill dismissed with costs, without prejudice.*