JOSEPH N. COCHIS & others *vs.* BOARD OF HEALTH OF CANTON.

Norfolk. April 5, 1955. — June 16, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Health, Board of. Public Health. Regulation. Piggery. Garbage. Nuisance. Penalty.*

A general regulation of the board of health of a town prohibiting the keeping of a piggery of four pigs or more at any one time within the town was valid under G. L. (Ter. Ed.) c. 111, § 143, as appearing in St. 1948, c. 480, § 1, and was enforceable upon compliance with § 146. [724–725]

A regulation of the board of health of a town that "no garbage shall be disposed of within the limits of the town" was invalid. [725]

G. L. (Ter. Ed.) c. 111, § 31A, as appearing in St. 1937, c. 282, as amended by St. 1945, c. 423, requires a permit to be obtained from the board of health of a municipality by any person transporting through its streets garbage, offal or other offensive substances collected within it or collected outside it and brought into it for disposal there, and requires only registration by one who transports such substances through the municipality from a point outside it to another point outside it; and authorized the board of health of a town to adopt a regulation requiring any person so registering with the board to state the place to which such substances were to be taken. [725–726]

Certain regulations of a board of health dealing with the creation, maintenance and abatement of nuisances were so expressed that any reasonable person could understand their meaning, and were not invalid for indefiniteness. [726]

A penalty established by a board of health for violation of regulations adopted by it under G. L. (Ter. Ed.) c. 111, § 31, as amended by St. 1937, c. 285, was invalid where it was greater than the penalty provided in that section for violation of such regulations. [726–727]

BILL IN EQUITY, filed in the Superior Court on December 29, 1953.

Both the plaintiffs and the defendant appealed from a final decree entered after hearing by *Forte*, J.

*Edward T. Simoneau*, for the plaintiffs.

*Eugene J. Galligan*, Town Counsel, for the defendant.

COUNIHAN, J. This is a bill for a declaratory decree under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. It alleges that a controversy exists between the parties and prays for a decree that certain regulations adopted by the defendant are invalid. The regulations complained of by the plaintiffs are noted in the margin or in the decree of the judge hereinafter set forth. After hearing the judge decreed

"1. That chapter VIII of the Rules and Regulations of the Board of Health of the town of Canton, entitled 'Piggeries'[1] is hereby declared to be a valid regulation;

"2. That section 4 of chapter V of the Rules and Regulations of the Board of Health of the town of Canton which provides: 'No garbage shall be disposed of within the limits of the town of Canton' is hereby declared to be invalid and of no force or effect;

"3. That section 2 of chapter VI of the Rules and Regulations of the Board of Health of Canton which provides: 'No person shall transport through the streets of the Town of Canton garbage, offal or other offensive substances collected outside the Town of Canton unless he shall first have registered with the Board of Health by filing with the Board a statement of registration. Such statement of registration *shall state the places from which and to which the substance is*

---

[1] "Section 1. No person, firm or corporation shall keep a piggery within the Town of Canton. The keeping of four pigs or more at any one time shall constitute a piggery.

"Section 2. No person shall keep a pig within 25 feet of a dwelling or tenement owned or occupied by any person other than his own family.

"No person shall keep two or more pigs within 50 feet of a dwelling or tenement owned or occupied by any person other than his own family.

"Section 3. Any person keeping one or more pigs, upon receipt of notice in writing from the Board of Health that such keeping of pigs has been found to be a nuisance, shall remove the pigs from his premises within a reasonable time specified in such notice."

*to be transported,* a brief description of the vehicle or vehicles which will be used for such transportation, the residence and business address of the applicant and such other information as the Board may require. No person who has filed such statement of registration shall transport or continue to transport said substances through the streets of the Town of Canton unless he does so in accordance with these rules and regulations and any other applicable rules and regulations of the Board of Health' is hereby declared to be valid, *except that portion thereof which requires as a part of the registration a statement as to the place from which the substance is to be transported is hereby declared to be invalid and of no force or effect;* [emphasis supplied]

"4. That chapter VII of the Rules and Regulations of the Board of Health of the Town of Canton entitled, 'Nuisances'[1] is hereby declared to be a valid regulation.

"5. That that portion of chapter XIV of the Rules and

---

[1] "Section 1. The owner or occupant of any building or premises shall keep the same in a clean condition and shall, when ordered in writing by the Board of Health, within a reasonable time specified in the order, remove from the premises, or abate, any nuisance, source of filth, or cause of sickness or other danger to the public health existing thereon.

"Section 2. The owner or occupant of any premises abutting on a private way, and having the right to use such way, shall, when ordered in writing by the Board of Health, and within a reasonable time specified in the order, remove or abate from that part of such way adjoining such premises, any substance or condition which is or may become a nuisance, source of filth, cause of sickness, or otherwise a danger to the public health.

"Section 3. No person shall place or cause to be placed in any brook or stream, or upon any immediate adjoining land, any refuse or solid matter likely to cause obstruction to the flow. No person shall deposit filth, fish, slops, or offal, upon the surface of the ground. The contents of any private sewage disposal works shall be disposed of into the Metropolitan Sewer at manhole designated by the Public Works Department.

"Section 4. No person shall maintain a hennery or keep hens or other fowl in a coop or building within 21 feet of any street line, dwelling house or public building, and no person shall maintain hens or other fowl in such a manner as to become a nuisance.

"Section 5. The keeping of dogs, goats, cows or any other animal in any part of the town where such keeping shall be held by the Board of Health to be a nuisance or offensive to the neighborhood is hereby prohibited, and after due notice by said Board to the owner or person in charge, he shall forthwith remove the same, or cause to be removed from any place where such keeping is prohibited by the Board.

"Section 6. No owner, agent or occupant of any building or premises under his control, shall cause or allow the accumulation therein or thereon of any stagnant water, ashes, rubbish, animal, vegetable or other matter which may become a source of filth, cause of disease, or other nuisance in and about such premises."

Regulations of the Board of Health of the Town of Canton which provides: 'Whoever violates any provision of these rules and regulations shall be fined not more than fifty dollars ($50.00) by the court having jurisdiction, unless otherwise provided by law' is hereby declared to be invalid and of no force or effect."

The case comes here upon the appeals of all the parties. At the argument before us the defendant waived its appeal so we consider only the appeal of the plaintiffs. There was no error.

The statute authorizing boards of health to make reasonable regulations is G. L. (Ter. Ed.) c. 111, § 31, as amended by St. 1937, c. 285. Other sections of c. 111 authorize such boards to make specific prohibitions. Among these is § 143, as appearing in St. 1948, c. 480, § 1, under which the board presumably acted in promulgating c. VIII of the regulations entitled "Piggeries." The judge correctly decreed this regulation to be valid. In *Commonwealth* v. *Young*, 135 Mass. 526, which arose under Gen. Sts. c. 26, § 52, a predecessor of § 143, it was said at page 529, "The board of health had authority under that section of the statute, if it deemed such employment [keeping of pigs] a nuisance, to prohibit its exercise within the limits of the town." And more recently we said that a board of health "is empowered by § 143 to prohibit the exercise of the trade or employment [fish processing] as a whole whenever by any of the methods employed it has become or may become a nuisance or otherwise offensive as set forth in the statute." *Board of Health of Wareham* v. *Marine By-Products Co.* 329 Mass. 174, 178. *Waltham* v. *Mignosa*, 327 Mass. 250.

The plaintiffs further contend that c. VIII of the regulations entitled "Piggeries" is invalid because it does not conform to G. L. (Ter. Ed.) c. 111, §§ 143–149, inclusive. They assert that any violation of § 143 must be first complained of in the form of an order of the board to be served upon the occupant or person in charge of the premises in which the prohibited business is being conducted. The answer to this, however, is to be found in *Taunton* v. *Taylor*,

116 Mass. 254, at page 261, where it was said that "an order of the board of health, under the Gen. Sts. c. 26, § 52 [a predecessor of § 143], is not in the nature of an adjudication of a particular case, but of a general regulation of the trade or employment mentioned therein." See *Kineen* v. *Board of Health of Lexington*, 214 Mass. 587, 591. It is plain that c. VIII of the regulations is in its nature general and that after its adoption c. 111, § 146, which requires an order to be issued and served, operates. We must assume that the board in Canton will comply with the provisions of § 146 in enforcing regulations adopted under § 143.

While the defendant waived its appeal, we feel constrained to say that the action of the judge declaring that § 4 of c. V of the regulations (garbage disposal within the town) is invalid is correct. Because its appeal was waived by the defendant, we do not consider the decree of the judge that part of § 2 of c. VI is invalid.

The plaintiffs contend that § 2 of c. VI of the regulations is invalid in its entirety and that the decree of the judge that in large part it is valid is incorrect. They misconstrue, however, the provisions of c. 111, § 31A, as appearing in St. 1937, c. 282, as amended by St. 1945, c. 423,[1] under which the board of health was authorized to make this regulation. The first paragraph of § 31A requires a permit to transport garbage, offal, and other offensive substances through the streets of a town. The second paragraph allows the transportation of such offensive material through the streets of a town in which such substances are not collected provided

---

[1] "No person shall remove or transport garbage, offal or other offensive substances through the streets of any city or town without first obtaining a permit from the board of health of such city or town. An application for such permit shall be in such form and contain such information, on oath, as such board shall require. All such permits shall expire at the end of the calendar year in which they are issued, but may be renewed annually on application as herein provided. No permit shall be transferred except with the approval of the said board.

"Notwithstanding the foregoing provisions, any person may, without such a permit, transport garbage, offal or other offensive substances through the streets of a city or town in which said substances were not collected; provided, that he registers with the board of health of such city or town; and, provided further, that he transports said substances in accordance with such reasonable rules and regulations as may be established by such board of health."

one who so transports registers with the board of health of such town. Read as a whole, we believe that the statute authorizes the adoption of a regulation which requires a permit to transport the offensive substances collected within the town or which are collected outside and are brought into the town for disposal there. It requires registration only by one who transports such substances through the town when going from a point outside the town to another point outside. The regulation is valid in order that the board of health may determine whether to require a permit or a registration so that they may learn where such offensive substances are to be disposed of and thus retain some control over their use or disposition if it is to be within the town.

Chapter VII of the regulations entitled "Nuisances" was properly held to be valid. The plaintiffs argue that this chapter of the regulations is invalid because it does not "prescribe any standard of conduct under which a person may know how to demean himself, use his property or exercise his rights and privileges." We agree that "the regulation should be so clearly expressed that those who may be subject thereto should not have to guess at its meaning." *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 134. But as we have said in *Board of Health of Wareham* v. *Marine By-Products Co.* 329 Mass. 174, at page 177, "Boards of health are likely to be composed of laymen not skilled in drafting legal documents, and their orders should be read with this fact in mind. They should be so construed as to ascertain the real substance intended and without too great attention to niceties of wording and arrangement." *Taunton* v. *Taylor*, 116 Mass. 254, 261. We believe that no reasonable person could fail to understand the meaning of c. VII.

While not actually before us because of waiver of appeal by the defendant, we feel that we ought to say that part of c. XIV[1] of the regulations was correctly held to be invalid. Section 31 of G. L. (Ter. Ed.) c. 111, as amended by St.

---

[1] "Whoever violates any provision of these rules and regulations shall be fined not more than fifty dollars ($50.00) by the court having jurisdiction, unless otherwise provided by law."

1937, c. 285, provides that "Whoever . . . violates any reasonable health regulation, made under authority of this section . . . shall be punished by a fine of not more than twenty dollars." Other sections of c. 111 provide penalties for specific violation of such sections which are not subject to § 31. Since the board had no authority to establish a greater penalty than that provided in § 31, in proper proceedings a court may declare such other penalties to be invalid.

*Decree affirmed.*